SCHOTT, Judge.
Plaintiff brought this suit against Gerald G. Pfister and Henry Guidry as the executor of the Succession of Walter F. Poynot, on a note allegedly made by them on May 31, 1974. Judgment was obtained against Pfister and no appeal was taken from that judgment, so that Pfister’s liability on the note is not here in question. The executor defended on the ground that the signature of Walter F. Poynot was a forgery. From a judgment dismissing plaintiff’s suit against the executor plaintiff has taken this appeal.
Plaintiff has specified two errors in this court, one in finding that Poynot’s signature on the note was a forgery, and, two, in failing to consider the question of appellee’s liability for the debt regardless of the genuineness of the Poynot signature.
On the first issue, plaintiff presented the testimony of Lucille Lacy as an expert examiner of questioned documents. She was of the opinion that Poynot’s signature was genuine and explained the procedure she employed of examining approximately 290 genuine signature standards with the naked eye and with the assistance of instruments in arriving at her opinion. While she recognized that the signature in question contains certain suspicious characteristics she felt that variations in the questioned signature were consistent with numerous variations she found among the genuine standards.
On the other hand, the executor presented the testimony of two expert examiners of questioned documents, namely Gilbert J. Fortier and Albert W. Sommerford. Their procedure of examining genuine standards and comparing them with the questioned signature was much the same as Lacy’s but they concluded that the questioned signature was not genuine. The trial judge, in dismissing plaintiff’s suit, ultimately resolved the conflict in the executor’s favor.
In its brief plaintiff argues as follows: “Since the District Court did not reach its decision as to the non-genuineness of the Poynot signature on the Note by denigrating the credibility of the expert WÍt-nesses presenting conflicting testimony, this Court stands in the same position with respect to weighing the probative value of all the evidence in the record of this cause in' determining whether the District Court’s decision was correct. Therefore, the manifest error rule is not applicable here, and this Court must review the evidence and determine for itself whether the decision of the District Court is supported by a preponderance of the evidence.”
In support of the argument plaintiff relies on Jordan v. Jordan, 175 La. 468, 143 So. 377 (1932) and Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir. 1972) in which credibility of the witness was not the issue and the judgments were reversed because they were not supported by a preponderance of the evidence.
In the first place a reading of the cited cases readily distinguishes them because the facts simply did not support the original judgments. Additionally, the principle relied on by plaintiff must be applied in the light of the principle that the evaluation of the strength of expert opinions is within the province of the trier of fact and should not be disturbed unless manifestly erroneous. Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La.App. 3rd Cir. 1975), writ refused, 313 So.2d 601 (La.); Wiley v. Travelers Insurance Co., 300 So.2d 555 (La.App. 3rd Cir. 1974), writ refused, 303 So.2d 187 (La.).
The testimony offered by the three experts consists of a meticulous comparison of each letter of the questioned signature with hundreds of genuine standards, discussion of the size and shape of the letters, their connections with one another, their relationship to the lines under the signatures, indications of the direction in which and force with which the writer was applying his pen, comparative speed and position of the writer when signing and many other minute considerations. We cannot say that Mrs. Lacy’s conclusion is supported by a preponderance of this evidence and defendants’ is not. Under the circumstances, it is *1202 not our role as an appellate court to substitute our opinion for the trial court’s.
The simple facts that Mrs. Lacy used more standards, 290, as compared to Fortier’s 153 and Sommerford’s 77, and that she used different types of documents while the others used cancelled checks exclusively do not compel a conclusion that plaintiff’s evidence preponderates.
Plaintiff’s second specification of error is based on the contention that even if the note sued on was not genuine it nevertheless proved that the debt was owed by Poynot’s succession and it is therefore entitled to a judgment regardless of the forgery issue.
During the course of the trial witnesses for the plaintiff established that the note sued on was a renewal of a note which was clearly signed by Pfister and Poynot in January, 1974, for a 90-day term. At the conclusion of the trial and argument, counsel for plaintiff urged the court to grant the alternative relief of a judgment even if the note sued on was a forgery and relies on LSA-C.C.P. Art. 1154, which provides as follows:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
In the first place the petition itself is a boilerplate type of suit on a note. It does not purport to be a claim based on anything else. At the inception of the trial plaintiff’s attorney stated that the matter to be tried was the authenticity of Poynot’s signature as a co-maker on the note on which the bank previously obtained judgment against Pfister. The evidence of the previous note consisted of only a few lines of testimony which seemed to be presented for the purpose of providing the court with the background leading up to the execution of the note sued on, the relationship among the parties, and perhaps the corroboration that Poynot must have signed the second note since he did in fact sign the first. However, the plaintiff at no time moved in the trial court to amend its pleadings, and until the very end of the trial defendant rightfully assumed that the only issue was the genuineness of the signature.
A suit on a note precludes certain defenses which might be available to the defendant if suit had been brought properly on the obligation itself without being limited to the note. Defendant was not on notice and was justified in not presenting defenses which might have been available to him had suit been brought on another theory. To permit plaintiff to obtain such recovery at this stage of the proceedings would unduly prejudice defendant and deprive him of fair play and basic due process.
The sense of Art. 1154 is to put a party on some notice that an amendment is being sought and the trial judge is clothed with some discretion in passing on such a motion. In this case, no opportunity was ever presented to the trial judge for the exercise of such discretion since no motion was ever made during the proceedings.
It does not appear that plaintiff is prevented from bringing another action against defendant on the obligation originally incurred in January, 1974, so that the ends of justice may be served in the event that there is merit to plaintiff’s position.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.