CIACCIO, Judge.
We grant certiorari in order to review the judgment of the trial court granting plaintiffs motion for a jury trial and refix-ing the matter for trial de novo before a jury.
Plaintiff filed suit against defendants for damages he sustained as the result of a car accident. His original petition claiming damages of $235,000.00 filed on July 23, 1986 made no demand for a trial by jury. In its answer filed on December 12, 1986, defendants requested a trial by jury which the trial court granted.
Before the trial began on April 7, 1988, plaintiff dismissed the defendant on the property damage claim and plaintiffs attorney, Gerald Leydecker, orally moved to amend plaintiffs original petition to reduce the amount in dispute to $19,999.00, so as to reduce the amount of damages sought below the requisite amount of $20,000.00 for trial by jury. Over defense counsel’s objection, the trial judge granted plaintiffs oral motion amending plaintiffs original petition and a non-jury trial began.
Plaintiff testified and the court recessed for the day. The following day, April 8, 1988, plaintiffs counsel withdrew as counsel of record at plaintiffs request. The trial judge then continued the matter without date and set the matter for trial de novo.
On May 24, 1989, plaintiffs new counsel filed a rule to fix the matter for a jury trial which was heard on November 17, 1989. After the hearing, the trial court granted judgment in favor of plaintiff and defendant applied for supervisory writs to this court.
The right to a trial by jury, in civil matters, is granted with limitations by legislative enactment, and is found in LSA-C. *577 C.Pr. art. 1731 et seq. LSA-C.C.Pr. art. 1733 provides as follows:
Art. 1733. Demand for jury trial; bond for costs
A. A party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C. The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.
LSA-C.C.Pr. art. 1732 further provides in part:
Art. 1732. Limitation upon jury trials
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner’s cause of action exceeds twenty thousand dollars exclusive of interest and costs.
LSA-C.C.Pr. art. 1733 clearly states that a request for a jury trial must be made no later than ten days after service of the last pleading directed to any issue triable by a jury. While a request may be included in the body of the petition or answer, no particular format is required for a request, but it must be clearly indicated that a party desires a trial by jury. Broome v. Gauthier, 443 So.2d 1127 (La. App. 4th Cir.1983). A review of the original petition shows plaintiff never prayed for a trial by jury. Further, plaintiff failed to request a jury trial at any time prior to the commencement of trial on April 7,1988. Plaintiffs only attempt to fix the matter for trial by jury was when he filed the rule for jury trial on May 24, 1989, contending that the defendant originally requested a jury and upon defendant’s withdrawing its request for the jury trial, plaintiff is now entitled to a trial by jury.
A review of the record reflects that defendant at no time withdrew its request for a jury trial. It was plaintiff who prior to commencement of the proceedings, orally requested and was granted permission to reduce the demand to $19,999.00. Over defendant’s objection, the trial judge struck the jury on the authority of LSA-C.C.Pr. art. 1732(1) and the trial began.
While we recognize that plaintiff had the right to amend his petition with leave of court, after an answer was filed, amending the substance of his demand, Rico v. Vangundy, 461 So.2d 458 (La.App. 5th Cir. 1984), the fact that he has new counsel and the trial judge set the matter for trial de novo does not affect the proceedings prior to trial. The evidence in the record reflects the amount in dispute remains at $19,-999.00, thereby precluding a jury trial under LSA-C.C.Pr. art. 1732(1). Should plaintiff seek to amend his petition to increase the claim for damages to overcome the prohibition of LSA-C.C.Pr. art. 1732(1), such an amendment, under the circumstances of this case, would not entitle plaintiff to a jury trial under the provisions of LSA-C.C.Pr. art. 1733(C).
Accordingly, the judgment of the trial court granting plaintiff’s motion for a jury trial is reversed and set aside. This case is remanded to the trial court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.