FORET, Judge.
Plaintiffs, James W. Phillips and his wife, Faye L. Phillips, brought suit against defendants, Hartford Accident & Indemnity Company (Hartford), the automobile liability insurer of Henry Hyams, and Allstate Insurance Company (Allstate), plaintiffs’ UM carrier.[1]
The jury rendered a verdict in favor of plaintiffs, allocating 90% of the fault to Hyams and finding James Phillips to be 10% comparatively negligent. Judgment was rendered in accordance with the jury verdict, and Allstate was assessed with costs. The Phillipses have appealed from that judgment, and Allstate has answered the appeal.
FACTS
On April 13,1987, Hyams drove his automobile into a mechanic’s stall of Daray Motor Company and pinned James Phillips, an employee, in front of the Hyams’ vehicle. At the time, Hyams was insured under a $100,000 automobile liability insurance policy issued by Hartford, and Phillips was insured by an uninsured motorist policy issued by Allstate. James and his wife, Faye, instituted suit against those insurers. Allstate was the only remaining defendant at trial.
The jury found that James was 10% comparatively negligent and assessed damages of $88,000 to James and $12,000 to Faye. Insofar as the damages did not exceed the coverage of the Hartford policy, Allstate, as an uninsured motorist insurer, was dismissed. Despite the trial court’s dismissal of Allstate, Allstate was taxed with court costs.
The Phillipses assign the following as errors of the jury:
(1) The assessment of inadequate damages in favor of James Phillips;
*202 (2) The assessment of inadequate damages in favor of Faye Phillips;
(3) The jury’s allocation of fault; particularly the jury’s finding that James Phillips was 10% comparatively negligent; and
(4) The failure to award penalties and attorney’s fees against Allstate.
ABUSE OF DISCRETION
The first three assignments of error will be considered together.
The jury, or trier of fact, is given much discretion in its award of damages and its allocation of fault. See Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3 Cir.1987), writ denied, 515 So.2d 807 (La.1987). Unless the jury has abused its discretion, its determination as to the measure of damages and its finding as to fault will not be disturbed on appeal.
After a review of the record, we find no abuse of discretion on the part of the jury and thus, we affirm its verdict.
PENALTIES AND ATTORNEY’S FEES
According to La.R.S. 22:1406 D(l)(a)(i), uninsured motorists insurance provides coverage against loss sustained as the result of the negligence of an uninsured or underinsured motorist. Hyams was insured by Hartford. Therefore, unless the damages sustained by the plaintiffs exceeded the $100,000 limit of liability of the Hartford policy, the plaintiffs could not recover against Allstate. The damages awarded to the Phillipses were less than $100,000; therefore, Allstate was not liable to the plaintiffs for damages. As such, the jury correctly found that Allstate was not arbitrary or capricious in failing to pay the claims of the Phillipses.
COURT COSTS
By Answer to Appeal, Allstate contends that the trial court erred in casting it with costs, despite dismissing the plaintiffs’ claim against it. We agree.
In Schexnaider v. Rome, 485 So.2d 245, 253, (La.App. 3 Cir.1986), this Court ruled that a non-liable party could not be taxed with court costs. We stated:
“Defendant-insurer on appeal alleges that the trial court erred in assessing all court costs against it, when the court at the same time dismissed plaintiff’s suit against it.
LSA-C.C.P. Art. 1920 provides that the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. The trial court is vested with great discretion in determining who is liable for costs of court and also in apportioning costs of court as it deems equitable, though this discretion is not unbounded. American Deposit Ins. Co. v. Walker, 450 So.2d 33 (La.App. 3rd Cir.1984).
After careful review of the record in this case, we find that it was inequitable for the trial court to assess the costs of court against the insurer in light of the fact that the trial court’s judgment totally absolved the insurer from all liability. ..”
As such, we reverse the judgment of the trial court insofar as it cast Allstate with court costs.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court insofar as we find no abuse of discretion in the jury awards. We reverse the judgment of the trial court as to the taxation of costs against Allstate. Costs of this appeal and at the trial level are taxed to plaintiffs-appellants, James W. and Faye L. Phillips.
DECREE
AFFIRMED IN PART AND REVERSED IN PART.

. Louisiana Automobile Dealers Association Self-Insured Trust Fund intervened as the Worker’s Compensation carrier of Phillips’ employer, Daray Motor Company. This claim and those against defendants, Henry Hyams and Hartford were settled prior to trial.