613 So.2d 1026 (1993)
Shirley B. MAY, Plaintiff-Appellee,
v.
WINN DIXIE LOUISIANA, INC., Defendant-Appellant.
No. 92-62.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied April 23, 1993.
Kathy F. Deshotel, Ville Platte, for plaintiff-appellee.
Ziegler, Ackal & Calogero, David J. Calogero, Lafayette, for defendant-appellant.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
YELVERTON, Judge.
The sole question raised on this appeal is whether the trial court erred in striking the *1027 jury request of Winn-Dixie. We find no error. We affirm.
Shirley May was injured in a grocery store. She filed suit. She did not allege a specific monetary amount of damages, being prohibited from doing so by La.C.C.P. art. 893. Neither side made a general allegation as to whether the claim exceeded or was less than the jury trial threshold of $20,000. Nevertheless, in its answer Winn-Dixie requested a jury trial. The trial court granted a jury trial by an ex parte order.
The case was set for trial. Three days before the trial date the plaintiff filed a motion to strike the jury, alleging in the motion that the amount in controversy in the suit did not exceed $20,000. Attached to her motion was her affidavit stating that her damages did not exceed $20,000. The trial court granted the motion and struck the jury.
On the day of trial Winn-Dixie filed a motion to vacate the order striking the jury request. In this motion Winn-Dixie alleged that the plaintiff had made an offer to settle for $75,000 and that Winn-Dixie had made a counteroffer to settle for $7,500. Its motion alleged that plaintiff's offer to settle for $75,000 was a good faith estimate of the amount in controversy. In his settlement correspondence, plaintiff's counsel had characterized the $75,000 offer as "a good faith attempt to settle." Therefore, according to Winn-Dixie, this was an amount demanded in good faith, and this valuation should be used to determine the right to a trial by jury, notwithstanding plaintiff's later pleading in which she alleged that the case was worth less than $20,000. Winn-Dixie alleged that the plaintiff's "eleventh hour" motion to strike the jury, along with her affidavit that the amount in controversy was below the jurisdictional limit for a trial by jury, was nothing more than a procedural maneuver done for the purpose of avoiding defendant's jury request, and that it should not have been allowed.
The trial court denied Winn-Dixie's motion, and the case proceeded to trial before the judge alone. After a trial on the merits, the trial judge awarded the plaintiff $15,000 in general damages and $2,500 in special damages. Winn-Dixie took this appeal, the single assignment of error being that the trial court erred in not giving it a trial by jury.

MERITS
Winn-Dixie relies principally on Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988). This case held that it is the amount demanded in good faith by the plaintiff, and not simply the amount of plaintiff's demand, which shall determine whether there is a right to a trial by jury.
This holding was an interpretation of La. C.C.P. art. 1731 B which reads:
The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
Until 1989, a plaintiff was always required to specify the damages claimed and to state exactly what they consisted of and how the amount was arrived at. Friedman Iron & Supply Co. v. J.B. Beaird Co., 63 So.2d 144 (La.1953). In 1989, La. C.C.P. art. 893 was enacted. It changed the law. Section A(1) of Article 893 reads as follows:
No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises. If a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is sufficient. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.
The new law was not in effect when Cambridge Corner Corp. v. Menard, supra, was decided.
Because a plaintiff is now prohibited from stating the amount demanded in the *1028 principal demand, La.C.C.P. art. 1731 is no longer the statutory method for determining whether any issue in the principal demand is triable by a jury. However, the right to a jury trial does not come into existence unless a petitioner's cause of action exceeds twenty thousand dollars exclusive of interest and cost. La.C.C.P. art. 1732(1). Accordingly, some means had to be provided for determining whether the threshold was met.
Article 893 resolves this issue. It states that it is sufficient if there is a general allegation that the claim exceeds or is less than the requisite amount for jury purposes. As we read new Article 893 A(1), either side can make this general allegation, and thereby establish the right or the absence of the right to a trial by jury. The article does not say this has to be done, nor does it say when it should be done.
The new article gives the defendant in a damage suit the additional right to establish by interrogatory, a specification of the amount sought as damages. If this is done and the specification is in excess of $20,000, and the defendant wants a jury trial, the defendant has thereby established its right to ask for a jury trial. The defendant is in this way protected against a plaintiff's failure to make an allegation that would establish whether or not the right to a jury trial existed.
Winn-Dixie in this case never propounded an interrogatory to the plaintiff seeking specification of the amount sought as damages. Nor did the defendant make a general allegation that the claim exceeded the requisite amount to establish its entitlement to a jury trial. All that Winn-Dixie ever did was allege that it was entitled to a jury trial. This allegation was made in its answer immediately following the filing of the suit. The suit itself made no general allegation that the claim was in excess of $20,000.
Instead of exercising its right to seek specification of the amount sought as damages by interrogatory, Winn-Dixie relied on plaintiff's offer of settlement as the amount sought as damages. A settlement offer is not a judicial demand nor is it a general allegation in a pleading. Neither plaintiff's settlement offer of $75,000, nor defendant's counteroffer of $7,500, establishes the amount of the plaintiff's demand for jury trial purposes. Settlement offers are not relevant to the application of La. C.C.P. art. 1731 B. La.C.E. arts. 401 and 402.
Until plaintiff filed her motion to strike the jury and alleged that the claim was under $20,000, and attached her affidavit supporting that allegation, no party in the case ever complied with the requirements of Article 893 to establish the right, or negate the right, to a trial by jury. By employment of the last sentence of Article 893A(1), Winn-Dixie, the only party that wanted a jury trial, could have sought a jury trial any time during the pendency of the proceedings that it wished. It did not do so. The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.