[¡¡FITZSIMMONS, Judge.
Appellant, Louisiana Insurance Guaranty Association (LIGA), filed this appeal challenging the trial court’s grant of a Motion to Amend the Petition to increase the amount sued upon to a sum greater than the amount necessary for a jury trial. The trial court awarded $30,000 to the petitioner, plus legal interest. This award is also appealed as being excessive and an abuse of the court’s discretion.
FACTS
The petitioner, Mildred Owens, was a guest passenger in a car that was involved in an accident that occurred on March 28,1992. The car that she occupied was owned by Letha Cook. It was driven by Bettye Richardson, and insured by Prudential Insurance Company. The automobile hit was owned by Allen Guidry. It was driven by Cheryl Gui-dry and insured by Liberty Lloyds Insurance Company. Louisiana Insurance Guaranty Association (LIGA), the appellant herein, was also named as a defendant due to the liquidation of Liberty Lloyds Insurance Company. Prior to trial, the plaintiff had settled with Prudential Insurance Company for the sum of $10,000. She had also settled with her insurance carrier, Allstate Insurance Company, for its uninsured motorist insurance policy limits of $10,000.
Petitioner alleged in her original cause of action, which was filed on May 14,1992, that “the amount sued upon is below that amount necessary for a jury trial.” After the evidence had been presented, but prior to the judgment, the plaintiff filed an Amending Petition After Answer Filed in which the petitioner alleged that “the amount sued upon is above that amount necessary for a jury trial”. The trial court denied defendant’s Motion to Strike Amending Petition and granted the Motion to Amend the Petition. Thereafter, the trial court rendered its judgment in favor of Mildred Owens and against LIGA in the full sum of $30,000.00, plus legal interest from date of judicial demand and all costs. This judgment was subject to a credit of $20,000 previously paid by the two insurance companies with whom petitioner had previously settled.
LAW
The fundamental issue facing this court is whether the trial court abused its discretion in permitting Mrs. Owens to amend her petition to aver that “the amount sued upon is above that Ramount necessary for a jury trial.” (italics supplied). This amendment was filed after the trial of the matter but before the judge had rendered his decision.
A litigant’s right to a jury trial in civil matters is statutorily determined by La.Code Civ.P. art. 1731. Article 1731(B) provides: “[ejxcept as otherwise provided, the nature and amount of the principal demand shall determine whether any issue in the principle or incidental demand is triable by jury.” At the time plaintiffs suit was filed, La.Code Civ.P. art. 1732 established the requisite minimum amount of the alleged claim to avail oneself of the right to a jury trial as exceeding $20,000.00, exclusive of interest and costs. A subsequent amendment to La.Code Civ.P. art. 1732, raised the minimum amount in dispute to above $50,000.[1] This has been jurisprudentially determined to be substantive in nature; therefore, it is not to be retroactively applied. Cambridge Corner *1140 Corp. v. Menard, 525 So.2d 527, 531 (La. 1988).
La.Code Civ.P. art. 893 establishes that the general allegation in a pleading will establish the threshold monetary amount of the claim. This general allegation determines all parties’ rights to demand a trial by jury. Article 893 also provides a defendant with a procedural vehicle to determine whether the quantum sought by the plaintiff exceeds the minimum dollar amount necessary to establish the defendant’s concomitant right to ask for a jury trial. May v. Winn Dixie Louisiana, Inc., 613 So.2d 1026, 1028 (La.App. 3rd Cir.1993), writ denied, 616 So.2d 704 (La. 1993); La.Code Civ.P. art 893 A(l). Thus, when Mrs. Owens alleged that “the amount sued upon is below that necessary for a jury trial”, she was, in essence, limiting her claim, and defendant’s exposure, to a maximum of $20,000, exclusive of costs and legal interest.
Plaintiff’s or defendant’s right to a trial by jury is determined by the good-faith amount in dispute. Cambridge Corner Corp. v. Menard, 525 So.2d 527, 529 (La.1988). Pursuant to La.Code Civ.P. art. 1733(C), a party has a period of ten days following service of the last pleading directed to any issue triable by a jury to demand a jury trial. The jurisprudence has determined that, even after the expiration of the ten day period, a party may obtain leave of court to amend the petition to demand a jury trial if the substance of the demand is amended. Thierry v. State Farm Automobile Insurance Company, 563 So.2d 576, 577 (La.App. 4th Cir. 1990); Rico v. Vangundy, 461 So.2d 458, 462 (La.App. 5th Cir.1984).
 We have previously held that amendments to pleadings should be liberally allowed. This assumes several considerations; among them are that the opposition will not be unduly prejudiced, and trial of the issues will not be unduly delayed. Beard v. Circle K Incorporated, 554 So.2d 825, 826 (La.App. 1st Cir.1989). Although a right to a trial by jury is fundamental and all doubts must be resolved in favor of its exercise, Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.1992), writs denied, 605 So.2d 1099 and 1100 (La.1992), this predisposition is likewise qualified by the absence of prejudice to the opposing party in maintaining its defense. La.Code Civ.P. art. 1154 permits parties to amend pleadings, even as late as the trial itself, where the opposing party is unable to demonstrate that it was prejudiced, or prevented from filing any defenses as a result of the amendment. In order to prevent the court’s grant of an amendment immediately before trial, the opposing party needs to demonstrate that it would be hampered in its defense of the case. McGee v. Leonard B. Hebert, Jr. & Co., 506 So.2d 603, 605 (La.App. 4th Cir.1987), CDT, Inc. v. Greener & Sumner Architects, Inc., 453 So.2d 1252, 1255 (La.App. 3rd Cir.1984).
In the facts before us, the petitioner’s amendment of her pleadings to assert damages that exceeded the requisite amount for a jury trial after the trial clearly affected the right of this defendant to obtain a trial by jury. Had the pleading been filed before trial, the case before us would cease to exist as it is now postured. At the conclusion of the trial of the matter, it was obviously too late for the defendant to assert his newly vested fundamental right to have the issues heard by a jury. What is really at the heart of this case is the particular statutory privilege given to LIGA That status cannot be set aside. Just as the plaintiffs right to a jury trial is fundamental and liberally construed by the courts, employing that same logic, the opposing party cannot be procedurally deprived of its coexistent right to trial by jury. This was pretermitted herein by the petitioner’s amendment to the pleadings. Such a deprivation clearly constitutes prejudice.
It was analogously noted in Inzerella v. Wal-Mart Stores, Inc., 92-1371, p. 7 (La.App. 3rd Cir. 2/16/94), 640 So.2d 329, 334, that the plaintiffs stipulation that her damages did not exceed $20,000 limited the defendant’s exposure and accrued to his benefit. The defendant was | Bnot entitled to its continued assertion for a jury trial, based on the plaintiffs stipulation that the amount of the claim was less than the requisite quantum for jury trials. In the same way, a plaintiff cannot alter the trial court proceedings, and thus the defendant’s right to a trial by jury, by waiting until the bench trial is *1141 completed to increase its demand. This action effectively deprived the opposing party of its right to a jury trial. Additionally, until the very end of trial, the defendant herein rightfully assumed that the exposure was limited to a ceiling of $20,000. The belated increase in exposure precipitated by the petitioner’s post trial amendment would deprive the defendant of basic due process. Whitney National Bank of New Orleans v. Pfister, 362 So.2d 1200, 1202 (La.App. 4th Cir.1978); writ denied, 365 So.2d 248 (La.1978).
Despite plaintiffs creative argument that the amount sued on is really only $10,000, the judgment of $30,000 is irrefutable. Accordingly, we find that the trial court committed manifest error when it granted petitioner’s Amending Petition after Answer Filed and, thereafter, awarded the plaintiff damages in the amount of $30,000.
The judgment of the trial court is reversed. The judgment is amended to $20,-000, plus legal interest. Costs of the trial are to be assessed against the defendant. Costs associated with the appeal are to be borne by the plaintiff.
REVERSED AND RENDERED.

. In September, 1993, the minimum quantum demand required to entitle one to a jury trial was raised to an amount exceeding fifty thousand dollars ($50,000), exclusive of interest and costs.