I «PER CURIAM.

WRITS GRANTED.

The common issue presented in the above captioned Writ Applications is whether the trial court erred in summarily denying a jury trial to the defendants who made a jury trial demand in their answer, but made no allegation that the petitioner’s claim exceeded $50,000.00. Upon review, we find that the trial court erred in summarily denying the demand for jury trial at this preliminary stage of the proceeding.
In order to be entitled to a jury trial a party must timely file a pleading demanding a jury trial (La.C.C.P. art. 1733), and a general allegation must be made by a party that the petitioner’s cause of action exceeds $50,000.00, exclusive of interest and costs. (La.C.C.P.arts.893, 1732).
La. C.C.P. art. 893 prohibits the inclusion of a specific dollar amount of damages in the petition, but provides that, “if the specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial ... a general allegation that the claim exceeds ... the
*604 requisite amount is sufficient.” The right to a jury trial does not come into existence unless a petitioner’s cause of action exceeds the requisite jurisdictional amount. May v. Winn Dixie Louisiana, Inc., 92-62 (La. 3rd Cir. 2/3/93), 613 So.2d 1026. A “general allegation that the claim exceeds or is less than the requisite amount” is sufficient for jurisdictional 1 ¿purposes. May, Id. at 1028. La. C.C.P. art. 893A(1) provides that either side can make this general allegation and thereby establish the right or the absence of the right to a jury trial.
The court in May suggests that if the jurisdictional amount is not clear from the plaintiffs’ petition, the defendant has the right to propound interrogatories requiring the plaintiff to specify the amount sought as damages. This procedure, however, doesn’t solve the amount in controversy question in a timely manner since La. C.C.P. art. 1733 requires that “[t]he pleading demanding a trial by jury shall be filed no later than ten days after ... the service of the last pleading directed to any issue triable by jury....” Clearly, given the time constrains of La. C.C.P. art. 1733, the defendant does not have time to propound interrogatories, receive interrogatory answers, and then timely request a jury trial. So, the defendant is left in a problematic position, as noted in Louisiana Civil Law Treatise:
An allegation of the amount in controversy made for jury trial purposes should not be binding, or even admissible in evidence, against a party at the trial on the merits; however, the current status of the law is unclear and poses problems for practitioners.
Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise, Vol. 1 § 11.2 (1999). Consequently defendants are reluctant to make an affirmative statement in their pleading about the amount in controversy.
In each of the cases currently being reviewed defendants made no general allegation concerning the amount of the asserted cause of action. When plaintiffs general allegations are not clear and the defendants make a demand for a jury trial, as required by law at this early stage of the proceedings, we find that to summarily deny the demand at the preliminary stage of the proceeding is premature.
The party making the jury trial demand must be given a reasonable opportunity to seek information concerning the amount sought as damages through | ¡jnterrogatories or other discovery; if necessary, a contradictory hearing should be conducted on the issue before final action is taken on the jury trial request. See. Arias v. Creekwood Property, 02-0799 (La.App. 5th Cir. 09/16/02), concurring reasons by Judge Daley with which Judge Cannel-la concurred.
Accordingly, based on the foregoing, we grant writs in the above captioned cases and reverse the trial court rulings, which summarily denied relators’ demand for a jury trial. We find that final action on the jury trial demand at this preliminary stage of the proceedings is premature, and we remand the cases for further proceedings consistent with the views expressed herein, including the requirement that a contradictory hearing be held, if necessary, before the jury trial demand is denied.