525 So.2d 527 (1988)
CAMBRIDGE CORNER CORPORATION
v.
Gennifer MENARD, d/b/a Made For Kids, Inc.
v.
CAMBRIDGE CORNER CORPORTION, Tri-N Partnership, and Oscar Lee Nugent.
No. 88-CC-0036.
Supreme Court of Louisiana.
May 23, 1988.
*528 Richard Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, for applicant.
William Birner, LaPlace, for respondent.
MARCUS, Justice.
This lawsuit involves an alleged breach of a lease agreement. The basic issue for our review is whether the case will be tried by a jury.
The lessor, Cambridge Corner Corporation (Cambridge), filed suit against its lessee, Gennifer Menard d/b/a Made For Kids, Inc. (Kids) on July 9, 1986 alleging breach of their lease agreement and seeking the amount due under the lease.[1] The petition alleged that Kids had not paid the rent or expenses due on June 1, 1986. The lease provided that "[s]hould the Lessee at any time ... fail to pay the rent, water bill, or other expenses assumed under this lease, punctually at maturity, as stipulated;... then, at the option of the Lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; and Lessor shall have the further option to at once demand the entire rent for the whole term..." The lease further provided that "[s]hould an ... Attorney be employed to give special attention to the enforcement or protection of any claim of Lessor arising from this lease, Lessee shall pay, as fees and compensation to such ... Attorney an additional sum of fifteen percent of the amount of such claim." Accordingly, Cambridge's claim was for the accelerated rent, utilities and damage deposit totaling $10,074.50 plus 15% of the claim as reasonable attorney fees as well *529 as interest and costs. Kids filed an answer generally denying the allegations of the petition and asserted a reconventional demand against Cambridge for damages caused by the sequestration in the amount of $126,732.50.
On August 4, 1986, Kids timely requested a trial by jury and the trial judge granted the motion. Kids posted the required jury bond and the case was fixed for jury trial on November 18, 1987.
On November 17, 1987, one day before trial was to begin, Cambridge filed a motion for leave to amend its petition. Cambridge alleged that in its final preparation for trial, it discovered a miscalculation of the amount due in the original petition which had been based on eight months of rent due and owing on the lease when in fact the accelerated rent owed was only for the seven months from June 1986 through December 1986. The trial judge granted Cambridge leave to amend its petition which lowered the amount prayed for to $8,698 plus 15% as reasonable attorney fees as well as interest and costs. Cambridge then filed a motion to deny a trial by jury because it alleged the amount in dispute was now less than $10,000. After a hearing the following day, the trial judge recalled the jury order and denied Kids' request for trial by jury. Kids' application for writs was denied by the court of appeal. On Kids' application to this court, we granted certiorari to review the correctness of the trial judge's order.[2]
La.Code Civ.P. art. 1731 provides:
A. Except as limited by Article 1732, the right of trial by jury is recognized.
B. The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
At the time this suit was filed, art. 1732 provided in pertinent part:
A trial by jury shall not be available in:
(1) A suit where the amount in dispute does not exceed ten thousand dollars exclusive of interest and costs.[[3]]
It is solely the amount in dispute with respect to the principal demand that determines whether the principal demand and any incidental demands will be tried by a jury. La.Code Civ.P. art. 1731(B). Therefore, the fact that Kids' reconventional demand involves an amount in excess of ten thousand dollars has no effect on whether the lawsuit will be tried by a jury.
The next issue for our review is whether or not Cambridge lowered the amount of its principal demand in good faith. The 1983 Revision to the articles concerning jury trials changed the language: "A trial by jury shall not be available in: (1) A suit demanding less than..." to "A trial by jury shall not be available in: (1) A suit where the amount in dispute does not exceed...." (Emphasis added.) The 1983 Revision Comments to art. 1732 provide that "the phrase `amount in dispute' is used to emphasize that it is the amount demanded in good faith by the plaintiff which shall determine whether there is a right to a trial by jury and not simply the amount of plaintiffs demand." We agree. Plaintiff's or defendant's right to a jury trial depends on the good faith amount in dispute and not necessarily on the amount initially demanded by the plaintiff.[4] When the good faith amount in dispute in a particular case is $10,000 or less, plaintiff should not be able to file a demand that exceeds $10,000 or increase his initial demand to more than $10,000 for the purpose of guaranteeing himself a jury trial. Similarly, when the good faith amount in *530 dispute exceeds $10,000, plaintiff should not be able to file a demand for $10,000 or less or decrease his initial demand to $10,000 or less for the purpose of preventing defendant from having a jury trial. Additionally, the initial amount demanded will not always determine the right to trial by jury even when it was demanded in good faith. Many times through discovery and preparation for trial, a plaintiff will discover that his claim is actually worth more or less than he originally demanded. It is also possible that part of a claim may be settled before trial.[5]
Ordinarily at this point we would determine whether Cambridge lowered the amount of its demand in good faith. The party "who contends that he comes within an exception to a general rule established by a statute, must prove it."[6] Therefore, Cambridge would bear the burden of proving that the case is within art. 1732(1) which is an exception to the general right to trial by jury.[7] Because Cambridge's amended petition prayed for the amount of $8,698 plus 15% attorney fees, we do not have to make the good faith determination. Prior to the 1987 amendment, art. 1732 provided that a jury trial was not available unless the amount in dispute exceeded "ten thousand dollars exclusive of interest and costs." Because the only things to be excluded in calculating the amount in dispute are interest and costs, the attorney fees must be included. Therefore, even if we just assume that Cambridge lowered the amount of its demand in good faith, the amount in dispute in this case is still in excess of $10,000 exclusive of interest and costs.[8]
The final issue for our resolution is whether the 1987 amendment to art. 1732(1) applies to this case. New art. 1732(1) provides:
A trial by jury shall not be available in:
(1) A suit where the amount in dispute does not exceed twenty thousand dollars exclusive of interest and costs.
Since no effective date was specified in the bill, the amendment became effective on September 1, 1987.[9] Therefore, unless the amendment is to be retroactively applied, the $20,000 amount would only apply in cases filed on or after September 1, 1987. Article 6 of the Louisiana Civil Code provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
Article 1732 is not an interpretive law and we cannot say that it is merely procedural either. Article 1731 and the exceptions in art. 1732 are more than just procedural rules. Article 1731 statutorily grants a right to a trial by jury in all civil cases except as limited by art. 1732. The jurisprudence has also established that "the right of a litigant to jury trial is fundamental in character and the courts will indulge in every presumption against a waiver, loss *531 or forfeiture thereof." Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974). The amendment to art 1732(1) raising the amount in dispute to $20,000 is substantive in nature and therefore shall apply only to suits that were filed on or after September 1, 1987. Since this case was filed on July 9, 1986, the $10,000 amount in dispute applies here.
In sum, the amount in dispute with respect to the principal demand ($8,698 plus 15% attorney fees) is $10,002.70 which exceeds $10,000 (art. 1732(1) prior to the 1987 amendment). Therefore, Kids is entitled to a trial by jury. The trial judge erred in ruling otherwise.

DECREE
For the reasons assigned, the order of the trial court recalling the jury order and denying Kids' request for trial by jury is vacated and set aside. The case is remanded to the district court for further proceedings in accordance with the views expressed herein.
CALOGERO, J., concurs.
DENNIS, J., concurs with reasons.
DIXON, C.J., concurs in the result only, disagreeing with most of the balance of the opinion.
DENNIS, Justice, concurring.
I respectfully concur.
I agree with the majority's holding that the amount in controversy of plaintiffs petition must be determined according to a standard of good faith. See, e.g. La.C.Civ. P. arts. 4, 4841. I also agree that the increase in the threshold limit for jury trials should only be applied to suits filed after the effective date of the act. See State ex rel Sherburne v. Baker, 50 La. Ann. 1247, 24 So. 240 (1898).
While not explicitly stated in the majority's opinion, our holding today will allow the plaintiffs voluntary amendment of his petition dismissing a component of the principal demand to eliminate the defendant's right to a jury trial. This is an inevitable consequence of the court's statement that the amount in controversy is not fixed by the originally pleaded facts and demand, but may be reduced through settlement of issues in contention. See page 530 of the majority opinion. This result is different from that reached by our Federal brethren in interpreting the analogous provision with respect to diversity jurisdictional amount. 28 U.S.C. § 1332(a). In the leading case of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct 586, 82 L.Ed. 845 (1938), the United States Supreme Court determined that the amount in controversy is determined as of the time of commencement of the Federal action, and that subsequent events, "whether beyond the plaintiffs control or the result of his volition", cannot destroy the federal court's subject matter jurisdiction once that jurisdiction has been acquired. See Swafford v. Transit Casualty Co., 486 F.Supp. 175 (N.D.Ga.1980); Jaros v. State Farm Mutual Automobile Ins. Co., 261 F.Supp. 315 (E.D.La.1966); Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d sec. 3702, esp. fns 31-34. Cf. American Mutual Liability Ins. Co. v. Campbell Lumber Manufacturing Corp., 329 F.Supp. 1283 (N.D.Ga.1971).
However, our different result in these types of cases does not mean that our courts cannot rely on the federal jurisprudence when construing the good faith standard imposed under each respective statute. Federal courts have required defendants contesting the good faith amount of plaintiffs claim to demonstrate to a "legal certainty" that the good faith amount requested is less than the statutory threshold. See St. Paul Mercury Indemnity, supra. Given the substantial nature of the jury trial right in Louisiana, see majority opinion at page 531, the same standard should apply. Accordingly, when the plaintiffs damages claim is unliquidated, the courts should afford the plaintiff his right to a jury trial unless it appears that the claim is merely a "colorable exaggeration" made solely for the purpose of meeting the statutory limit. See St Paul Mercury Indemnity Co., supra, at 303 U.S. 289, at 58 S.Ct. 590; Schunk v. Moline, Milburn & Stoddart Co., 147 U.S. 500,13 S.Ct 416, 37 *532 L.Ed. 255 (1893); 1 Moore's Federal Practice Para. 0.92[1], p. 853 (ed. 1975); Wright, Miller, & Cooper, supra, fns. 67-69. Finally, while the court may be empowered to look beyond the pleadings to determine if a claim is made in good faith, the court should allow "all but the most flagrant cases to proceed to trial since in many cases the amount in controversy is closely linked to the merits." 1 Moore's Federal Practice Para. 0.92[1]. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct 948, 3 L.Ed.2d 988 (1959).
NOTES
[1] Cambridge had previously filed a petition for a writ of sequestration pursuant to La. Code Civ. P. art. 3571 on June 20, 1986. The writ of sequestration was maintained by the trial judge on October 7, 1986. The suit for sequestration was subsequently consolidated with the suit for the amount alleged to be due under the lease on February 9, 1987.
[2] 519 So.2d 121 (La.1988).
[3] Article 1732 was amended, effective September 1,1987, to increase the minimum amount in dispute required for a trial by jury. New article 1732(1) provides:

A trial by jury shall not be available in:
(1) A suit where the amount in dispute does not exceed twenty thousand dollars exclusive of interest and costs.
[4] Accord, Record v. Trinity Universal Insurance, 503 So.2d 519 (La.App. 3d Cir. 1987); Pinion v. Union Carbide Corporation, 490 So.2d 479 (La. App. 4th Cir.1986); Rico v. Vangundy, 461 So.2d 458 (LaApp. 5th Cir. 1984). Contra, Cuny v. Guidry, 520 So.2d 1131 (La.App. 3d Cir.1987). To the extent that Cuny is inconsistent with the views expressed herein, it is overruled.
[5] In Pinion v. Union Carbide Corporation, 490 So.2d 479 (La.App. 4th Cir. 1986), plaintiffs original demand was for $18,091.06 ($17,501.48 as statutory penalties and attorney fees and $583.58 as unpaid wages). At the close of plaintiffs case, the trial judge directed a verdict dismissing plaintiffs claims for penalties and attorney fees. The trial judge correctly dismissed the jury since the good faith amount in dispute no longer exceeded $10,000.
[6] HortmanSalmen v. White, 168 La. 1049, 123 So. 709 (1929).
[7] Sanders v. Old Quarter Tours, 499 So.2d 1346 (La.App. 4th Cir. 1986), writ denied, 501 So.2d 234 (La.1987).
[8] $8,698 plus 15% attorney fees ($1,304.70) equals $10,002.70. We should note that although the contractual attorney fees should be included in the calculation of the amount in dispute, the award of those attorney fees is still subject to review and control by the courts. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
[9] Article 3, Section 19 of the Louisiana Constitution of 1974 provides:

All laws shall take effect on the sixtieth day after final adjournment of the session in which they were enacted, and shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.