539 So.2d 1013 (1989)
Catherine DETERVILLE
v.
Mark IMPASTATO, et al.
No. 89-C-0185.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
James S. Thompson, New Orleans, for relator.
Steve Bruno, New Orleans, for respondent.
Before CIACCIO, WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
The issue before this court is whether the defendant State Farm Mutual Automobile Insurance Co. is entitled to a jury trial, notwithstanding the fact that the amount in dispute at this point in the proceedings is the policy limit of $10,000.
Plaintiff Catherine Deterville filed a personal injury claim alleging damages totalling $350,000 against Mark Impastato, the tortious driver; Liberty Mutual Insurance Co., Impastato's liability insurer, and State Farm, Deterville' uninsured motorist (UM) insurance carrier. Liberty requested and *1014 was granted a jury trial. Thereafter, all defendants settled with the plaintiff, except State Farm, which timely requested a jury trial. The trial judge denied State Farm's request for a jury because the only amount in dispute between the parties is $10,000, the limits of plaintiff's UM coverage.
State Farm claims that it is entitled to a jury trial because the plaintiff's good faith value of the claim was $350,000, the amount she prayed for in her original petition, and that amount is more than the $20,000 minimal amount for a jury trial.
La.C.C.P. arts. 1731 and 1732 control the right to a jury trial. They provide, in pertinent part, as follows:
Art. 1731. Issues triable by jury
A. Except as limited by Article 1732, the right of trial by jury is recognized.
B. The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
Art. 1732. Limitation upon jury trials
(1) A suit where the amount in dispute does not exceed twenty thousand dollars exclusive of interest and costs.

. . . . .
The Louisiana Supreme Court recently interpreted articles 1731 and 1732 in Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988). The court held that "it is solely the amount in dispute to the principal demand that determines whether the principal demand and any incidental demands will be tried by a jury." Therefore, the amount of credit State Farm is entitled to because of settlements is irrelevant in deciding whether it is entitled to a jury trial.
The court then established the rule to determine jurisdictional amount, holding "that the amount in controversy of plaintiff's petition must be determined according to a standard of good faith." Id. at 531.
The amount remaining in dispute in this case is the remaining $10,000 UM coverage, a sum only one-half the required minimal jurisdictional amount for a jury trial. The plaintiff can potentially recover only $10,000 for the only remaining defendant, as a matter of contract. Therefore, it is immaterial whether the actual value of plaintiff's case constructively exceeds the jurisdictional minimum amount. This construction is consistent with Cambridge, supra, and with Pinion v. Union Carbide Corp., 490 So.2d 479 (La.App. 4th Cir.1986).
The writ is denied.