560 So.2d 553 (1990)
Robert G. THIBERT, et al.
v.
Jeffery SMITH, et al.
No. 89 CW 1619.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Richard Holley, Springfield, for plaintiff.
Ron S. Macaluso, Hammond, for defendants.
*554 Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The issue presented in this case is whether defendant State Farm Mutual Automobile Insurance Company is entitled to a jury trial.

FACTS
On June 5, 1983, plaintiff Robert G. Thibert was involved in a single-car accident. At the time of the accident, Thibert was a guest passenger in an automobile owned by E.W. Smith, insured by State Farm Mutual Automobile Insurance Company (State Farm), and operated by Jeffery W. Smith. Thereafter, plaintiffs, Robert G. Thibert and his mother Linda Sue Manuel,[1] filed a suit for damages on January 20, 1984. Named as defendants were Jeffery W. Smith and State Farm. State Farm was named as both the liability insurer of Smith and the uninsured/underinsured motorist (UM) insurer of Manuel. The petition itemized damages to Manuel at $9,906.69 and damages to Thibert at $300,000.00.
On March 20, 1985, plaintiffs voluntarily dismissed Jeffery W. Smith, E.W. Smith, and State Farm in its capacity as liability insurer of the Smiths. Plaintiffs, however, expressly reserved their rights against State Farm in its capacity as Manuel's UM insurer.
State Farm subsequently requested a civil jury trial and posted the requisite bond. Thibert then filed a motion to amend his petition. In his motion, Thibert acknowledged that his original petition was filed for an amount of damages in excess of that required for a jury trial, but suggested that recent medical depositions indicated that his damages were in an amount less than that required for a trial by jury. The "Motion to Amend Petition" was in the form of a rule to show cause why the petition should not be amended to an amount less than that required for a jury trial. No specific monetary amount was set forth in the motion.[2] A hearing on the rule was set for May 8, 1989. The minute entry dated May 8, 1989, reveals that the parties entered into a joint stipulation, which would subsequently be reduced to a judgment. The record, however, contains neither the stipulation nor the judgment. Additionally, the record is devoid of any actual amendment to the petition, reducing plaintiff's claim for damages below that required for a trial by jury.
On September 11, 1989, the judge held a pretrial hearing. At the hearing, State Farm orally requested a jury trial, which was denied by the trial judge. State Farm subsequently applied for supervisory writs of review, assigning as error the trial court's denial of its request for a jury trial.

JURY TRIAL
LSA-C.C.P. art. 1731 provides:
A. Except as limited by Article 1732, the right of trial by jury is recognized.

*555 B. The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
At the time the instant suit was filed, LSA-C.C.P. art. 1732 provided, in pertinent part, as follows:
A trial by jury shall not be available in:
(1) A suit where the amount in dispute does not exceed ten thousand dollars exclusive of interest and costs.
LSA-C.C.P. art. 1732 was amended by Acts 1987, No. 766, effective September 1, 1987, to increase the minimum amount in dispute required for a trial by jury. LSA-C.C.P. art. 1732(1), as amended, provides as follows:
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds twenty thousand dollars exclusive of interest and costs.
In Cambridge Corner Corporation v. Menard, 525 So.2d 527 (La.1988), the Louisiana Supreme Court interpreted LSA-C. C.P. arts. 1731 and 1732. The court held that the 1987 amendment to LSA-C.C.P. art. 1732(1) raising the amount in dispute to $20,000.00 is substantive in nature and applies only to suits that were filed on or after September 1, 1987.
In the instant case, plaintiff's suit for damages was filed on January 20, 1984, therefore, the $10,000.00 amount in dispute applies.
In Cambridge Corner Corporation v. Menard, supra, the court also held that it is solely the amount in dispute with respect to the principal demand that determines whether the principal demand and any incidental demands will be tried by a jury. The court then established the rule to determine jurisdictional amount, finding that it is the amount demanded in good faith by the plaintiff which shall determine whether there is a right to a trial by jury and not simply the amount of plaintiff's demand, citing the 1983 Revision Comments to LSA-C.C.P. art. 1732.
In the instant case, State Farm contends that plaintiff settled with the tortfeasor and liability insurer for $25,000.00[3] and that, with this credit, plaintiff must prove damages in excess of the settlement amount to receive any damages from the UM insurer. State Farm reasons that the good faith amount in dispute must take into account the prior settlements and the amount plaintiff contends is due from the UM insurer. We disagree.
In Deterville v. Impastato, 539 So.2d 1013 (La.App. 4th Cir.1989), our brethren of the Fourth Circuit addressed this issue, determining that the amount of credit to which the UM insurer is entitled because of a settlement with the tortfeasor and liability insurer is irrelevant in deciding whether the UM insurer is entitled to a jury trial. Cf. Edmonds v. Shelter Mutual Insurance Co., 508 So.2d 211 (La.App. 3rd Cir.1987).
In the instant case, we find that the amount in dispute is the amount of UM coverage in that plaintiff can potentially recover only that amount from State Farm. However, the record is devoid of any amendment[4] to plaintiff's petition reducing his claim for damages to an amount less than the requisite amount for a jury trial, which in the instant case is $10,000.00. Nor does the record contain the UM policy setting forth the policy limits or a stipulation as to the amount of damages plaintiff in good faith contends is due from the UM insurer.
LSA-C.C.P. art. 2164 gives this court the power to remand in appropriate cases to render justice. In LaSalle Pump & Supply Co., Inc. v. Louisiana Midland Railroad Co., Inc., 433 So.2d 745, 750 (La.App. *556 3rd Cir.1983), writ denied, 435 So.2d 450 (La.1983), the court stated:
LSA-C.C.P. Art. 2164 provides that an appellate court may render any judgment which is just, legal and proper. Although the law favors prompt disposition of cases and the avoidance of protracted litigation, under this article an appellate court is empowered to remand a case for a new trial or for introduction of additional evidence to prevent a miscarriage of justice.
Therefore, we remand this case for the reception of evidence regarding the amount in good faith dispute to resolve whether State Farm is entitled to a trial by jury.

CONCLUSION
For the above reasons, the writ is made peremptory. The judgment of the trial court, denying State Farm's motion for jury trial, is reversed, and the case is remanded to the trial court for reception of evidence as to the amount in good faith dispute and for further proceedings in accordance with this opinion. Plaintiff is cast for the cost of the supervisory writ.
WRIT MADE PEREMPTORY AND CASE REMANDED.
NOTES
[1] At the time of the accident, Robert G. Thibert was seventeen years old.
[2] We note, however, that at the time of the filing of the motion to amend the petition on April 27, 1989, LSA-C.C.P. art. 893 provided as follows:

A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises. If a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is sufficient. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter by supplemented as appropriate.
(2) If a petition is filed in violation of this Article, the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition.
B. The provisions of Paragraph A shall not be applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument, for alimony or child support, on a tax claim, or in a garnishment proceeding.
This provision was added by Acts 1988, No. 443, effective January 1, 1989, which specifically stated that the act applied to all pleadings filed on or after the effective date of the act.
[3] Although State Farm contends that the plaintiff settled with Smith and State Farm, as liability insurer, for $25,000.00, such settlement was not made part of the record. We note that State Farm attached a copy of the settlement to its writ application and brief; however, a court of appeal cannot consider attachments to an appellate brief as evidence when they have not been made a part of the record. Chapa v. Chapa, 471 So.2d 986 (La.App. 1st Cir.1985); National American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981).
[4] The record contains only the "Motion to Amend Petition."