[iKLIEBERT, Chief Judge.
|2The narrow issue before us in this writ application is whether the jurisdictional amount required for a jury trial, as per La. C.C.P. art. 1732, is determined by the date of the filing of the original petition, or the date of the filing of the supplemental and amending petition, when the legislature has raised the jurisdictional amount in the interim. The above-captioned suit arises out of an automobile accident occurring on or about September 11, 1991. Plaintiffs filed suit against the tortfeasor Zimmerman and her liability insurer, Liberty Mutual, on August 27, 1992. On March 29, 1994, plaintiffs filed a supplemental and amending petition adding defendant State Farm, their uninsured/underin-sured motorist carrier, the relator in this writ application. On April 7, 1994, a Motion and Order to Dismiss were filed into the record, effectively releasing Zimmerman and Liberty Mutual from the suit as a matter of settlement. State Farm timely filed an answer to the amended petition, and also prayed for a jury trial. On December 12, 1994, plaintiffs filed a Motion to Strike Jury, alleging that the jurisdictional amount required for a jury trial was $50,000.00, and that the policy limits of State Farm’s policy were $50,000.00, and thus State Farm was not entitled to a jury trial. This motion was granted, and State Farm has applied for writs with this court.
At the time the original petition was filed, the jurisdictional amount was $20,000.00. The legislature raised the jurisdictional amount to $50,000.00 by Acts 1993, no. 661, section 1. The amendment became effective after the filing of the original petition but before the filing of the amended petition adding State Farm as a defendant.
In Cambridge Corner Corporation v. Menard, 525 So.2d 527 (La.1988), the Supreme Court held that amendments to the jurisdictional amount in La.C.C.P. art. 1732 are substantive in nature and apply only to suits filed after the effective date of the amendments. In the instant case, we find that the pertinent filing date is the date that the original petition was filed, and not the date of the filing of the amended petition. La.C.C.P. art. 1153 provides that amendments to petitions and answers which arise out of conduct set forth in the original pleading relate back to the date of the bfiling of the original pleading. This has long been interpreted to mean that the amended petition constitutes the plaintiffs principal action or demand as fully as if it had been set forth in the original petition, (cites omitted) Moore v. Gencorp, Inc., 633 So.2d 1268, 1271 (La.1994); American Brewing Co. v. Williams, 5 Orl.App. 274 (1908). Therefore, the date of the filing of the original petition determines the jurisdictional amount even as to a defendant added after a subsequent raising of the jurisdictional amount, if that defendant was added by an amended petition that relates back to the original petition.
Accordingly, the application for writs is granted, and the trial court is ordered to reinstated State Farm’s request for a jury trial.