LPER CURIAM.
This matter is before us on an application for supervisory writs wherein Shelter Mutual Insurance Company seeks review of the trial court’s judgment granting plaintiffs’ motion to strike its demand for a jury trial.

FACTS

Plaintiff, Susan Darbonne, filed suit on March 6, 1992, against William Reeves and his liability insurer, Aetna Casualty and Insurance Company (Aetna), seeking damages arising out of an April 29, 1991 motor vehicle accident. Plaintiff did not request a jury trial in the petition. On November 26, 1997, plaintiff amended the petition to add her husband, Robert, as a plaintiff, and relator, Shelter Mutual Insurance Company, their uninsured/underinsured motorists (UM) carrier, as a defendant; plaintiffs set forth a claim for damages and a claim for penalties and attorney’s fees against relator. Relator answered and demanded a jury trial. In its writ application, relator alleges that plaintiffs then settled with Reeves and Aetna for an undisclosed sum and that Aetna’s policy limits were $100,000. However, the policy limits are not found in the pleadings.
Plaintiffs then filed a motion to strike the jury trial, stating that their claim against relator was “limited by contract to $50,000.” While plaintiffs stated in their memorandum in support of the motion to strike that they waived their claim for penalties and attorney’s fees, the stipulation does not contain such a statement. The stipulation also does not state that Aetna’s policy limits were $100,000. The court ruled in favor of plaintiffs, granting their motion to strike the jury trial. DISCUSSION
The right of a litigant to a jury trial is fundamental in character, and the courts will indulge every presumption against a waiver, loss, or forfeiture thereof. Alkazin v. City of Baton Rouge, 97-0738, p. 7-8 (La.App. 1 Cir. 11/7/97); 705 So.2d 208, 211-212.
The initial issue presented by this writ is the applicable jurisdictional threshold for a jury trial, given the present posture of this case, where the petition was filed on March 6, 1992, and the amending petition adding relator was filed on November 26, 1997, when, in the meantime, La. C.C.P. art. 1732 was amended to raise the amount necessary for a jury trial from $20,000 to $50,000. Prior to amendment by Acts 1993, No. 661, La. C.C.P. art. 1732 provided, in pertinent part: “A trial by jury shall not be available in: (1) A suit where the amount of no individual petitioner’s cause of action exceeds twenty thou *49 sand dollars exclusive of interest and costs.” | ^Subsequent to its amendment by Acts 1993, No. 661, La. C.C.P. art. 1782 provides in pertinent part: “A trial by jury shall not be available in: (1) A suit where the amount of no individual petitioner’s cause of action exceeds fifty thousand dollars exclusive of interest and costs.” In Blanchard v. City Parish of East Baton Rouge, 95-2011, p. 17 (La.App. 1 Cir. 4/30/96); 674 So.2d 317, 327 writ denied, 96-1511 (La.9/20/96); 679 So.2d 443, this court held that the 1993 amendment to La. C.C.P. art. 1732(1) is substantive and applies only to those suits that were filed oh or after August 15,1993.
In the case at bar, relator contends that because the lawsuit was filed before the amount in controversy requirement was raised from $20,000 to $50,000, even with plaintiffs’ allegation that they will not recover more than $50,000, the suit is still within the jurisdictional amount for a jury trial. We reject plaintiffs’ contention that the November, 26, 1997, date the amended petition adding relator as a defendant was filed is controlling. In Blanchard, this court specifically stated that the 1993 amendment to La. C.C.P. art. 1732(1) “applies only to those suits that were filed on or after August 15, 1993.” (emphasis, added). 95-2011 at p. 17, 674 So.2d at 327. The suit in this case was filed before August 15, 1993. In Cambridge Comer Corporation v. Menard, 525 So.2d 527 (La.1988), the petition was filed prior to the 1987 amendment raising the jury trial limit from $10,000 to $20,000, but the plaintiff filed a motion for leave to amend its petition to lower the amount prayed for after the effective date of the amendment. The trial court granted the plaintiff leave to amend its petition; however, the supreme court used the date the initial petition was filed, not the date the motion to amend was filed or the date leave to amend was granted, in determining the applicable jury trial threshold. Moreover, the supreme court held that the 1987 amendment to La. C.C.P. art. 1732(1) raising the amount in dispute to $20,000 was substantive in nature and therefore should apply only to “suits that were filed on or after September 1,1987.” 525 So.2d at 531. In Thibert v. Smith, 560 So.2d 553 (La.App. 1 Cir. 1990), the petition was filed in 1984 and a motion to amend the petition was filed in 1989; meanwhile, the jurisdictional amount for a jury trial changed from $10,000 at the time suit was filed to $20,000 in 1987. This court found the controlling date to be the date the suit was filed, not the date the motion to amend the petition was filed. Thus, the applicable jurisdictional amount in the case at bar, based on the filing of the initial petition, is $20,000 under La. C.C.P. art. 1732(1) as it read prior to its amendment by Acts 1993, No. 661.
LRelator contends that even if this court were to find that the jurisdictional amount was $50,000, plaintiffs have to prove their damages exceed $100,000, the alleged underlying liability limits, before they can recover from relator, the UM carrier, such that plaintiffs’ cause of action exceeds the $50,000 jurisdictional amount. However, while plaintiffs stipulated that their claim against' relator was “limited by contract to $50,000,” this language would not include their claim for penalties and attorney’s fees, which would be in addition to recovery under the contract. Therefore, because plaintiffs did not waive their claim for penalties and attorney’s fees in the stipulation, their claim could potentially exceed $50,000 and plaintiffs did not establish that their cause of action was less than $50,000, the jurisdictional amount plaintiffs contended was applicable.
Therefore, the trial court erred in granting plaintiffs’ motion to strike the jury trial, given the present posture of the case. The trial court’s judgment of April 15, 1998, is reversed and judgment is rendered in favor of relator, denying plaintiffs’ motion to strike the jury.
WRIT GRANTED.