745 So.2d 687 (1999)
Gwendolyn HURST
v.
Darwell LOUITT and State Farm Insurance Company.
No. 99-C-1120.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 1999.
*688 Darleen M. Jacobs, Al Sarrat, Law Offices of Darleen M. Jacobs, New Orleans, Louisiana, Counsel for Plaintiff-Respondent.
Sophia G. Pappas, Frederick A. Miller & Associates, Metairie, Louisiana, Counsel for Defendant-Relator.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM WALTZER, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge ROBERT A. KATZ.
PLOTKIN, Judge.
Defendant State Farm Mutual Automobile Insurance Co., plaintiffs uninsured motorist insurance carrier with $100,000 policy limits, seeks supervisory review of a trial court order striking the jury in this personal injury case filed by Gwendolyn Hurst. This court previously denied writs, finding no error in the judgment of the trial court. However, the Louisiana Supreme Court granted writs and remanded the case to this court for briefing, argument, and full opinion.
The sole issue to be decided by this court is whether previous settlement and tender amounts must be considered in determining the parties' right to trial by jury. Under the provisions of La. C.C.P. art. 1732, as amended in 1989, a jury trial is not available if "the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." Prior to the amendment, the article referred to the "amount in controversy," rather than the "amount of no individual petitioner's cause of action."
In this case, the plaintiff received pre-trial settlement amounts of $11,355.33 and a tender of $14,758.72. After receiving those amounts, the plaintiff filed a motion to strike the jury, "suggesting to the Court that the amount in dispute in this matter is below Fifty Thousand and 00/100 ($50,000.00) dollars, the jurisdictional minimum for a right to trial by jury at the time that this suit was filed in 1996." The trial court granted the motion to strike.
Under La. C.C.P. art. 1732, as it existed prior to the 1989 amendments, amounts already received by the plaintiff in settlement were not included in determining the "amount in controversy" for purposes of a jury trial. See Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988); Thibert v. Smith, 560 So.2d 553 (La.App. 1 Cir. 1990); Deterville v. Impastato, 539 So.2d 1013 (La.App. 4 Cir.1989). The only question to be decided here is whether the 1989 amendments that changed the language *689 from "amount in controversy" to amount of "cause of action" changed that rule; that issue is res nova The defendant claims that the amendments were specifically designed to change the rule; the plaintiff claims the pre-amendment rule is still applicable.
One of the basic rules of statutory construction has been stated as follows: "Where a new statute is worded differently from its predecessor, the legislature is presumed to have intended to change the law." Popich Bros. Water Transport, Inc. v. Gulf Coast Marine, Inc., 97-0902, p. 7 (La.App. 4 Cir. 1/14/98), 705 So.2d 1267, 1271, writ denied, 98-0388 (La.4/24/98), 717 So.2d 1166. Thus, we find that the change in language used in La. C.C.P. art. 1732 was intended by the Louisiana legislature to change the rule concerning calculation of the jurisdictional amount for purposes of determining the right to trial by jury. Under the previous language, "amount in controversy" referred to the amount remaining to be collected by the plaintiff after subtracting all settlements and tenders. However, under the current language, amount of "no individual plaintiffs cause of action" refers to the total amount of the plaintiffs claim, including all settlements and tenders.
In reaching this conclusion, we are also guided by the Louisiana Supreme Court's decision in Bullock v. Graham, 96-0711 (La.11/1/96), 681 So.2d 1248, the only previous case to note the change in language in La. C.C.P. art. 1732. In that case, as in the instant case, the plaintiff stated that the "amount in controversy" did not exceed the jurisdictional limit for a jury trial. The Supreme Court noted the "confusion" arising from the plaintiff's use of the term "amount in controversy," when the applicable statute referred to the amount of the "cause of action." However, the court foundbased on the facts of that case that the two terms were "synonymous," stating that "[b]oth refer to the amount the plaintiff alleges her case is worth." In explaining its holding in Bullock, the Supreme Court stated as follows:
Procedural maneuvers designed solely to deprive litigants of their right to jury trial based on jurisdictional amounts are disfavored. Black v. Prudential Property & Casualty Insurance Co., 93-878 (La.App. 3 Cir. 3/2/94), 634 So.2d 1340, 1344. Plaintiffs petition limiting the amount in controversy to $20,000.00 deprived the defendants of their right to a jury trial. Plaintiff should therefore be bound by that stipulation. Furthermore, stipulations between the parties are binding on the trial court when not in derogation of law. R.J. D'Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600, 601 (La.1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). We have found nothing to indicate that a stipulation as to the maximum amount of damages is in derogation of law. Therefore, both the plaintiff and the trial court are bound by the $20,000.00 jurisdictional limit. So when the trial court was assessing plaintiffs damages and concluded that she was entitled to $20,000.00 in general damages and $8,288.97 in special damages for a total of $28,288.97, the trial court was obligated to reduce the total amount of damages to $20,000.00 in accordance with plaintiffs stipulation. The remainder of plaintiff's damages should be regarded as waived. Louisiana Civil Code of Procedure Article 5 says as much. "When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded from demanding it judicially." La. C.C.P. art. 5. Although Article 5 refers to the subject matter of a court, the same principle applies here when we are referring to the jurisdictional limits for a jury trial.
Id. at 3-4, 681 So.2d at 1250. The policy reasons supporting the court's decision in Bullock undergird our decision in the instant case that the phrase "cause of action" *690 in La. C.C.P. art. 1732 was intended by the legislature to refer to "the amount the plaintiff alleges her case is worth" i.e., the total recovery the plaintiff expects to receive, including pre-trial settlements and tenders.
In the instant case, the plaintiff filed an Ex-Parte Motion to Strike Jury, "suggesting that the amount in this matter is below Fifty Thousand and 00/100 ($50,000.00) dollars, the jurisdictional minimum for a right to trial by jury at the time that this suit was filed in 1996." Following the Louisiana Supreme Court's statements in Bullock, we could simply affirm the trial court judgment striking the jury, but limit the plaintiffs recovery at trial to the $50,000 jurisdictional limit, minus the previous settlement and tender.
However, the record is clear from the memorandum supporting the plaintiffs motion to strike the jury in the instant case that the plaintiff did not intend for her "suggestion" that the "amount in controversy" was below the jurisdictional limit for a jury trial to be interpreted as an admission that her entire claim was not worth more than $50,000. In making her "suggestion" to the trial court, the plaintiff cited three cases which interpreted La. C.C.P. art. 1732 prior to the 1989 amendment. Moreover, the plaintiffs argument was premised on her belief that she could receive $50,000, but no more, at trial. In fact, the plaintiff in the instant case believes that her claim is worth as much as $76,000the $50,000 she hopes to recover after the trial, plus the pre-trial settlement and tender. Accordingly, the plaintiff has failed to demonstrate that the amount of her claim is below the jurisdictional limit for a jury trial. The trial court therefore improperly struck the jury.
The trial court's judgment is questionable also because she apparently simply accepted the plaintiffs "suggestion" that the "amount in controversy" was below the jurisdictional limits for a jury trial, without inquiring into the issue. The Louisiana Supreme Court's seminal opinion on this issueCambridge Corner Corp., 525 So.2d 527imposes a greater duty on the trial court than simply accepting one party's unilateral offer to limit the amount to be collected. Cambridge Corner requires that the trial court seek to determine the "good faith" amount in dispute. Id. at 529-30. Moreover, Cambridge Corner states that a "plaintiff should not be able to file a demand for [the jurisdictional amount] or less or decrease his initial demand to [the jurisdictional amount] or less for the purpose of preventing defendant from having a jury trial." Id. at 530. Those directions impose a duty on the trial court to inquire into the actual damages suffered by the plaintiff prior to striking a jury.
The Louisiana Third Circuit Court of Appeal has held that the rule established by Cambridge Corner that the amount demanded in good faith by the plaintiff controls the right to trial by jury has been superseded by amendments to La. C.C.P. art. 1731, which now prohibits a plaintiff from specifying an amount in his petition. See May v. Winn Dixie Louisiana, Inc., 613 So.2d 1026, 1027 (La.App. 3 Cir.), writ denied, 616 So.2d 704 (La.1993). We find that the rule in Cambridge Corneras well as Thibert and Detervillethat the calculation of the "amount in controversy" for purposes of determining the right to trial by jury does not include settlements or tenders has been superseded by the 1989 amendments to La. C.C.P. art. 1732. We believe that the Louisiana legislature's amendment to La. C.C.P. art. 1732 to supersede that rule is rooted both in the fact that the jurisdictional amount has increased dramatically in recent years, as well as the same concern expressed by the Supreme Court in Bullock that parties were engaging in "procedural maneuvers designed solely to deprive litigants of their right to jury trial based on jurisdictional amounts." Id., 96-0711 at p. 4, 681 So.2d at 1250. Such procedural maneuvers are "disfavored." Id. Thus, the legislature has taken steps to limit such maneuvering.
*691 Accordingly, the trial court judgment striking the jury trial in this matter is reversed. The jury is reinstated, and the case is remanded for further proceedings consistent with this decision.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED;TRIAL BY JURY REINSTATED; CASE REMANDED.
McKAY, J., DISSENTS.
McKAY, J. DISSENTING.
I respectfully dissent with the majority's opinion in this case and would affirm the judgment of the court below.
The issue before this Court is whether previous settlement and tender amounts must be considered in determining the parties' right to trial by jury. In reaching its conclusion that the defendants in this case are entitled to a jury trial the majority cites the 1989 amendment to La. C.C.P. art. 1732. The amended version of La. C.C.P. art. 1732 states that a jury trial is not available if "the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs" while the pre-amendment version of the article refers to the "amount in controversy," rather than the "amount of no individual petitioner's cause of action."
The majority concludes that this change in language changes the law. I disagree with this conclusion. The terms "cause of action" and "amount in controversy" have been used interchangeably by the courts of this state when referring to the value of a plaintiff's claim. Bullock v. Graham, 96-0711 (La.11/1/96), 681 So.2d 1248, 1250. Therefore, I do not believe the 1989 amendment to La. C.C.P. art. 1732 changes the law. Accordingly, I would affirm the judgment of the trial court.