751 So.2d 423 (2000)
David BENOIT
v.
ALLSTATE INSURANCE COMPANY.
No. 99-C-889.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
Writ Granted April 20, 2000.
P.M. Donovan, Vance W. Ott, Donovan & Lawler, Metairie, Louisiana, Attorney for Relator.
Darryl M. Breaux, New Orleans, Louisiana, Attorney for Respondent.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
*424 CANNELLA, Judge.
Defendant, Allstate Insurance Company (Allstate), filed a writ application seeking review of a trial court order striking the jury in this personal injury case filed by plaintiff, David Benoit. This court previously denied writs, finding no error in the trial court ruling. However, the Louisiana Supreme Court granted writs and remanded the case to this court for briefing, argument and opinion. Benoit v. Allstate, 99-2665 (La.11/19/99), 749 So.2d 660. For the reasons which follow, we affirm the ruling by the trial court striking the jury.
On January 7, 1998, plaintiff was seriously injured in a motor vehicle accident with another vehicle being driven by David Taylor. Taylor's insurer, United Services Automobile Association (USAA) paid its $100,000 policy limits to plaintiff.
Plaintiff, apparently of the view that his damages exceeded $100,000, made a claim against his own uninsured/underinsured (UM) carrier, Allstate. Upon Allstate's refusal to pay, plaintiff filed suit against Allstate. Allstate answered and timely requested a trial by jury. Allstate made the proper motions and paid the applicable costs relative to securing a jury trial. Following a status conference on June 3, 1999, the trial court struck Allstate's jury request. The trial court reasoned that since the Allstate UM policy limits were $10,000 and plaintiff stipulated that his claim was limited to the $10,000 policy limits, the amount in dispute was below the $50,000 threshold for a jury trial. La. C.C.P. art. 1732. It is from this action that Allstate sought writs.
In acting on the writ application, this court denied writs, citing two cases, Thibert v. Smith, 560 So.2d 553 (La.App. 1st Cir.1990) and Deterville v. Impastato, 539 So.2d 1013 ( La.App. 4th Cir.1989). Both those cases held that amounts already received by the plaintiff in settlement were not included in determining the "amount in controversy" for purposes of a jury trial. See also. Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988).
Allstate sought writs from the Louisiana Supreme Court, which were granted with a remand order to this court for briefing, argument and opinion.
In brief to this court following the remand, Allstate cites and relies on a recent decision from the Fourth Circuit Court of Appeal, Hurst v. Louitt, 99-1120 (La.App. 4th Cir. 9/24/99), 745 So.2d 687. In Hurst, although the facts are not fully set out, it appears that the plaintiff therein had reduced his initial action to a claim against its UM insurer following receipt of sums in settlement and tender from other defendants. The UM carrier in Hurst had $100,000 policy limits. Following the receipt of the settlement funds, plaintiff filed a motion to strike the jury upon advising the trial court that the amount in dispute was then below the $50,000 necessary for a jury trial. The trial court granted the motion to strike the jury. The Fourth Circuit originally denied writs. However, on remand from the Supreme Court for briefing, argument and opinion, the Fourth Circuit, in a 4-1 decision, rendered an opinion contrary to its original action and reversed the trial court judgment striking the jury and ordered the jury reinstated.
The Court in Hurst reasoned that although the jurisprudence prior to the 1989 amendment to La. C.C.P. art. 1732 did hold that previous settlements and tenders were not to be considered in determining the amount in dispute for a jury trial, the 1989 amendment to La. C.C.P. art. 1732, which changed the language of the jury trial provision from "amount in dispute" to "the amount of no individual petitioner's cause of action" effected a change in the law. The Court held that "the phrase `cause of action' in La. C.C.P. art. 1732 was intended by the legislature to refer to `the amount the plaintiff alleges her case is worth'i.e., the total recovery the plaintiff expects to receive, including pre-trial settlements and tenders." We respectfully decline to follow the Hurst case and its reasoning.
*425 First, it appears that the Hurst case is distinguishable from the instant case. Although it cannot be conclusively determined from the scant facts presented in the Hurst opinion, it does appear that the original petition in the case was against all the parties involved and initially was for an amount in excess of the $50,000 jury trial amount. It further appears that the amount sought by the plaintiff decreased as the settlements and tenders were made. Finally, the policy limits of the UM carrier in Hurst ($100,000) exceeded the $50,000 jury trial amount.
In the instant case, there was never a claim made in this lawsuit for over $50,000. The only named defendant from the outset was Allstate. The Allstate UM limits never exceeded $50,000 but were only $10,000. Plaintiffs claim or cause of action against Allstate was never for more than $50,000, but was always limited to the $10,000 policy limits.
Moreover, in the only case to address the meaning of the change in the language of La. C.C.P. art. 1732 since the 1989 amendments, Bullock v. Graham, 96-0711 (La.11/1/96), 681 So.2d 1248, the court found that the terms "cause of action" and "amount in controversy" as used therein were "synonymous." The Court noted:
Black's Law Dictionary defines "cause of action" as "the fact or facts which give a person a right to judicial redress or relief against another." It further defines "amount in controversy" as "the damages claimed or relief demanded by the injured party in dispute; the amount claimed or sued for in litigation." Black's Law Dictionary (6th Ed.1990).
In the instant case, plaintiff's claim or cause of action against Allstate is limited to the $10,000 UM policy limits. He has no "right to judicial redress" in excess of that amount. While it is true that plaintiff must prove certain facts to entitle him to recover from Allstate, including injuries in excess of the tortfeasor's insurance coverage, we do not find that this raises the amount of plaintiffs cause of action against Allstate above the $50,000 jury trial threshold requirement.
Therefore, as applied to the facts of this case, we hold that the 1989 amendment to La. C.C.P. art. 1732, replacing the phrase "amount in controversy" with the phrase "amount of no individual petitioner's cause of action," did not overrule prior jurisprudence interpreting this article which held that under La. C.C.P. art. 1732 the amounts received by the plaintiff in settlement were not included in determining the amount necessary for a jury trial.
Therefore, based on the facts before us, we find no error in the trial court action striking the jury in this case.
Accordingly, the ruling striking the jury is affirmed.
AFFIRMED.