I,ARMSTRONG, Judge.
This is an automobile personal injury case. The plaintiffs uninsured-underin-sured motorist insurer, United States Automobile Association, appeals a judgment in favor of the plaintiff, Shirley H. Francis. Because we do not find that the trial court was clearly wrong-manifestly erroneous, we will affirm.
Plaintiff Shirley Francis was driving in the left lane of a three lane road. She was accompanied by her adult daughter, Yaeko Francis. Driving behind Shirley Francis in the left lane was Barry Esteen, who was driving a white van. Following Mr. Es-teen in the left lane was Dave R. Williams, who was driving a blue pickup truck pulling a horse trailer. There was also a vehicle in the left lane ahead of Shirley Francis’ car.
Shirley Francis stopped her car in traffic. She testified that, after she was stopped, Mr. Esteeris van swerved to the right, to the center lane, but that the front of his van “clipped” the right rear of her car as he moved to the center lane. After that, she testified, Mr. Williams’ pickup truck ran into the rear of her car and slammed her car into the rear of the car in front of her. She testified that the impact | ¡¡when Mr. Williams’ pickup truck struck the rear of her car, and the impact when her own car was slammed into the car ahead of her, were much greater than the impact that occurred when Mr. Esteeris van clipped her car. The testimony of her adult daughter, Yaeko Francis, was generally consistent with Shirley Francis’ testimony.
Mr. Esteen testified that he swerved to the right, to the center lane, to avoid being hit from behind by Mr. Williams’ pickup truck because he did not believe that Mr. Williams could stop in time. He also testified that, as his van was leaving the left lane from the center lane, it was, in fact, struck from behind by Mr. Williams’ pickup before Mr. Williams’ pickup went on to run into the rear of Shirley Francis’ car. Mr. Esteen testified that, either his van did not clip the right rear of Shirley Francis’ car at all, or it did so only as a result of his van being struck from behind by Mr. Williams’ pickup truck.
Shirley Francis and Yaeko Francis sued Barry Esteen, State Farm Mutual Automobile Insurance Company (“State Farm”) as Mr. Esteeris liability insurer, Dave R. Williams, State Farm as Mr. Williams’ insurer, and United Services Automobile Association (“USAA”) as Shirley Francis’ uninsured/underinsured motorist insurer. State Farm as liability insurer of Mr. Williams divided its policy limits among several claimants, including Shirley Francis who received $8,036.75, and so exhausted its policy. Yaeko Francis settled with all defendants. Shirley Francis settled with all defendants except USAA. Thus, the only claim left for trial was Shirley Francis’ claim against USAA.
LThe trial was bifurcated by agreement of the parties. The liability phase of the trial was tried to the judge with the parties reserving their rights to jury trial on the quantum issues. After the trial on liability the trial court found the negligence of Mr. Williams to be the sole cause of the accident.
At the outset of the trial on quantum, plaintiffs counsel stipulated that the amount in controversy did not exceed $50,000 so that the quantum trial would be before the judge rather than a jury. After the quantum trial, the trial judge rendered judgment in favor of Shirley Francis and against USAA for $76,324.30 subject to a credit for amounts already paid by USAA. In an amended judgment, the trial court reduced the amount awarded to $50,000 *186 subject to a credit for amounts already paid by USAA. USAA then brought the present appeal.
USAA’s first argument on appeal is that the trial court erred in finding Mr. Williams to be solely at fault for the accident and in failing to find any fault of Mr. Esteen. This is a factual issue and the trial court’s determination is subject to appellate review under the clearly wrong/manifestly erroneous standard of review. E.g., Rosell v. ESCO, 549 So.2d 840 (La.1989). We may not disturb the trial court’s finding of fact so long as they are reasonable. Id.
The trial court heard the testimony of Mr. Esteen and may well have credited that testimony and determined that Mr. Esteen was proceeding in a prudent manner and clipped the right rear of Shirley Francis’ car only because he was taking emergency evasive action to avoid Mr. Williams’ pickup truck. The trial court also may have concluded that the effect of Mr. Esteen’s clipping Shirley Francis’ car | ¿was inconsequential because the impact was minor. The latter point would be consistent with the testimony that there was no damage to the front of Mr. Es-teen’s van which suggests that the front of his car had only minor impact with the right rear of Shirley Francis’ car. While we agree with USAA that, in the case of a rear-end collision, the rear car (such as Mr. Esteen’s van) is presumably at fault, the trial court could have concluded reasonably that, under the circumstances, the presumption of fault was overcome. Thus, we cannot conclude that the trial court was clearly wrong/manifestly erroneous in finding that Mr. Williams was solely at fault for the accident.
USAA’s second argument on appeal relates to Shirley Francis’ stipulation, after the determination of liability and just prior to the quantum trial, that the amount in controversy did not exceed $50,000. USAA argues that this stipulation applied to the entire case, including Shirley Francis’ claim against State Farm as Mr. Es-teen’s liability insurer, and that, thus, the $8,036.75 that she received from State Farm must be credited against the $50,000 stipulated limit as to quantum. Consequently, USAA argues, the judgment against USAA must be reduced by $8,036.75.
The trial court rejected this argument and specifically found that “the stipulation addressed only the amount of damages which plaintiff could recover from USAA, and did not refer to the total value of his [her] damages”. We believe that the trial court was in the best position to determine the exact effect of the stipulation and we see no clear error by the trial court. In any case, we believe that | Rthe trial court was correct. At the time that the stipulation was entered into, the only claim left in the case was Shirley Francis’ claim against USAA. Therefore, at that time, the only thing left to be adjudicated, i.e. the only thing left “in controversy”, was the amount of the judgment against USAA. Consequently, the only amount in controversy, to be limited to $50,000, was the claim against USAA.[1]
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

PLOTKIN, J., dissents in part with written reasons.

. Our decision in Hurst v. Louitt, 99-1120 (La.App. 4 Cir. 9/24/99) 745 So.2d 687, does not control the present case. In Hurst, the issue was one of statutory interpretation as to what amounts should be included in determining whether there was a right to a jury trial. In the present case, the issue as presented to the trial court and to this court is solely one of what was meant by the plaintiffs stipulation. The trial court held, and we believe correctly, that the stipulation related solely to the amount claimed as against USAA. If that stipulation was not sufficient to proscribe a jury trial, and the defendant desired a jury trial, then the defendant’s remedy was to object to a bench trial, demand a trial by jury and, if unsuccessful in the trial court, assign as error on appeal the lack of a jury. That is the substance of what was done in the Hurst case (although the matter came before *187 the Hurst court on a pretrial writ application) but such was not done in the present case. In short, it would not be correct for the trial court, or this court, to give the plaintiff's stipulation a meaning that clearly was not intended, and that is what we would be doing if we reduced the judgment by $8,036.75. Lastly, we note that Hurst’s analysis was rejected by the Fifth Circuit in Benoit v. Allstate Ins. Co., 99-889 (La.App. 5 Cir 1/25/00), 751 So.2d 423, and the Supreme Court has granted writs in Benoit, 200-0424 (La.4/20/00), 759 So.2d 768, presumably to resolve the split in the circuits.