IjPLOTKIN, J.,
dissenting in part with written reasons.
For the reasons more fully explained in Hurst v. Louitt, 99-1120 (La.App. 4 Cir. 9/24/99), 745 So.2d 687, I respectfully dissent from the portion of the majority’s decision relative to the quantum issue. In Hurst, this court held that all pre-trial settlements and tenders of payments are to be considered when determining a party’s right to trial by jury. Id. at 1, 745 So.2d at 688. In the instant case, plaintiff Shirley Francis stipulated, prior to the quantum trial, that the “amount in controversy” did not exceed $50,000. Accordingly, under this court’s interpretation of the 1989 amendments to La. C.C.P. art. 1732 in Hurst, USAA is entitled to an additional credit against the $50,000 judgment in the amount of Ms. Francis’ $8,036.75 settlement with State Farm. Accordingly, the trial court improperly failed to allow that credit. I would amend the judgment to afford USAA an additional $8,036.75 credit.