711 So.2d 264 (1998)
In re GAS WATER HEATER PRODUCTS LIABILITY LITIGATION.
Nos. 97-CC-2028, 97-CC-2033 and 97-CC-2035.
Supreme Court of Louisiana.
April 14, 1998.
Steven W. Usdin, John P. Cerise, Suzanne M. Ciaccio, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for Applicant in No. 97-CC-2028.
Robert M. Johnston, Adams & Johnston, New Orleans, Wendell H. Gauthier, Bruce C. Dean, Gauthier, Downing LaBarre, Beiser & Dean, Metairie, Scott S. Partridge, James F. Shuey, Francis H. Brown, III, Frilot, Partridge, Kohnke & Clements, New Orleans, David A. Olson, Lemle Kelleher, New Orleans, Frederick W. Bradley, Liskow & Lewis, New Orleans, Stephen P. Murphy, Edward P. Hacknsy, Marynell L. Piglia, Joseph R. McMahon, III, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, Joseph T. Casey, Casey, Babin & Casey, New Orleans, J. Douglas Sunseri, John W. Waters, Jr., Bienvenue, Foster, Ryan & O'Bannon, New Orleans, for Respondent in No. 97-CC-2028.
Scott S. Partridge, James F. Shuey, Francis H. Brown, III, Frilot, Partridge, Kohnke & Clements, New Orleans, David A. Olson, Lemle Kelleher, New Orleans, for Applicant in No. 97-CC-2033.
Frederick W. Bradley, Liskow & Lewis, Stephen P. Murphy, Edward P. Hacknsy, Steven W. Usdin, John P. Cerise, Suzanne M. Ciaccio, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, Robert M. Johnston, Adams & Johnston, New Orleans, Wendell H. Gauthier, Bruce C. Dean, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, Marynell L. Piglia, Joseph R. McMahon, III, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, Joseph T. Casey, J. Douglas Sunseri, John W. Waters, Jr., Bienvenue, Foster, Ryan & O'Bannon, New Orleans, for Respondent in No. 97-CC-2033.
Frederick W. Bradley, Liskow & Lewis, New Orleans, Stephen P. Murphy, Edward P. Hacknsy, New Orleans, for Applicant in No. 97-CC-2035.
Steven W. Usdin, John P. Cerise, Suzanne M. Ciaccio, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, Robert M. Johnston, Adams & Johnston, New Orleans, Wendell H. Gauthier, Bruce C. Dean, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, Scott S. Partridge, James F. Shuey, Francis H. Brown, III, Frilot, Partridge, Kohnke & Clements, New Orleans, David A. Olson, Lemle Kelleher, Marynell L. Piglia, Joseph R. McMahon, III, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, Joseph T. Casey, Casey, Babin & Casey, New Orleans, J. Douglas Sunseri, John W. Waters, Jr., Bienvenue, Foster, Ryan & *265 O'Bannon, New Orleans, for Respondent in No. 97-CC-2035.
Patrick W. Pendley, Plaquemine, Michael D. Hausfeld, Daniel A. Small, Matthew F. Pawa, Washington, DC, for amici curiae Robin Free and Renee Free.
Frank Cicero, Jr., White Plains, NY, for amicus curiae Abbott Laboratories Inc.
Phillip A. Wittmann, John M. Landis, New Orleans, Max R. Shulman, New York City, for amici curiae Bristol-Meyers Squibb Co. and Mead Johnson and Co.
Leslie M. Smith, Chicago, IL, for amicus curiae Mead Johnson and Co.
David G. Radlauer, Thomas A. Casey, Jr., Nan R. Eitel, Katy W. Kimbell, New Orleans, for amicus curiae General Motors Corp.
TRAYLOR, Justice.[*]
We granted certiorari in this case primarily in order to determine whether a multi-million dollar class action suit filed in the First Parish Court of Jefferson Parish exceeds the jurisdictional limit of that court. Named as defendants in the suit are three water heater manufacturers and three Jefferson Parish distributors of water heaters. The class, which has yet to be certified, allegedly consists of all Louisiana residents who have purchased gas water heaters from the three manufacturers, their potential number being in the hundreds of thousands.
The defendant manufacturers appealed the First Parish Court's refusal to transfer or dismiss the suit, claiming that the amount in dispute exceeds the jurisdictional limit for that court and that they are entitled to a jury trial, which is not available in the First Parish Court. The Court of Appeal, concluding that the jurisdictional amount is determined by the damages apportioned to each of the class members and that the amount in dispute does not entitle defendants' to a jury trial, denied defendants' writ applications. We reverse as to the question of jurisdiction.

JURISDICTIONAL AMOUNT
The legislature created by statute the First Parish Court of Jefferson Parish as a court of limited jurisdiction. The jurisdiction of the First Parish Court is "concurrent with that of the district court ... when the amount in dispute ... does not exceed ten thousand dollars, exclusive of interest, costs, and attorney fees ..." LA. REV. STAT. 13:2561.2.[1] The legislature further described the limited jurisdiction of that court by defining the amount in dispute as the amount demanded, including punitive damages, but not including interest, court costs, attorney fees, or penalties. LA.CODE CIV. PROC. art. 4, LA.CODE CIV. PROC. art. 4841 B.
The major issue before the Court is whether the "amount demanded" in a class action suit is measured by the projected damages to be recovered individually by each of the plaintiffs, or by the total sum demanded by the plaintiffs on behalf of the potential class members.
When the language of a statute may be interpreted in different ways, as here, the courts must interpret the wording of the statute in the manner which best conforms to the purpose of the law. LA. CIV.CODE art. 10. As noted earlier, the legislature created parish courts as courts of limited jurisdiction. Their purpose in doing so was to provide a forum for plaintiffs in small, uncomplicated cases with relatively small damages, thereby removing those from district courts and reducing the district court caseloads. It is counter-intuitive to suppose that the legislature intended for multi-million dollar class actions be filed in courts of limited jurisdiction.
The plaintiffs argue, and the Court of Appeal agrees, that class actions are analogous to cumulated actions, and that the determination of the jurisdictional amount in a class action suit should be determined in the same way that it would be determined in a cumulated action. In support of their position, *266 they quote Article 463 of the Code of Civil Procedure, which allows two or more actions involving two or more parties, as either plaintiffs or defendants, to be cumulated as long as each of the actions is within the jurisdictional limits of the court.
The wording of the statutes which control class action suits, however, leads to the conclusion that the legislature does not consider class actions to be analogous to cumulated actions. In fact, the legislature's discussion of class actions within the Code of Civil Procedure indicates the opposite. The legislature was careful to distinguish between class members, who are not parties to the suit, and the class representatives, who are. LA.CODE CIV. PROC. arts. 591-597. This distinction is best exemplified by Article 597, which reads:
A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequate representation of all members of the class. LA.CODE CIV. PROC. art. 597 (emphasis added).
A class action suit is one suit with one judgment. The class is one entity represented by the named plaintiffs. The named plaintiffs stand in for the entire class, on whose behalf they conduct discovery, provide counsel, pick a jury, make motions and exceptions, argue the case, and collect on a favorable judgment.
Because the we find that the legislature did not intend for courts of limited jurisdiction to hear complex, expensive class action suits, the jurisdictional amount in those courts is determined by total sum demanded by the plaintiffs on behalf of all class members.

RIGHT TO JURY
The defendants argue that the First Parish Court is an inappropriate forum because their right to a jury trial would be infringed.[2] Parties to an action have a right to trial by jury when the amount of any individual petitioner's cause of action exceeds fifty thousand dollars. LA.CODE CIV. PROC. ARTS. 1731-2. Because the amount in dispute, as determined by the total sum demanded by the plaintiffs on behalf of the potential class members, exceeds the jurisdictional limit of the First Parish Court, the question of whether the defendants' right to jury trial, as well as its method of determination, is rendered moot.

HOLDING
For the foregoing reasons, the Court of Appeal's holding is reversed and the case is remanded to the First Parish Court of the Parish of Jefferson for disposition in accordance with the views expressed in this opinion.
REVERSED.
JOHNSON, J., concurs in result.
NOTES
[*] Lemmon, J., not on panel. See Rule IV, Part 2, § 3.
[1] Through passage of Acts 1997, No. 1262, legislature raised the jurisdictional limit of the First Parish Court of Jefferson Parish to $15,000. We do not decide whether this amendment should be applied retroactively as the higher jurisdictional limit is immaterial to the decision in this case.
[2] "There shall be no trial by jury in any case in a parish court." LA. REV. STAT. 13:1450.