| DENNIS R. BAGNERIS, SR., Judge.
In this appeal, the defendants, AMR-BRD, Inc. and Nova Chemicals, Inc., seek review of a trial court judgment, which granted the plaintiffs’ order amending the previous case management order. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The instant case arises out of a mass tort class action proceeding, In Re: New Orleans Tank Car Leakage Fire Litigation 87-16374, filed in Orleans Parish Civil District Court in 1987 against nine defendants. Certification was sought and granted of a class of individuals allegedly harmed by the tank car fire. On October 3, 1988, a jury trial was ordered. The trial of this litigation has progressed in three phases. During phase I, in the summer of 1997, a jury heard the testimony of twenty plaintiffs as well as testimony from all parties on the issue of liability. The jury returned a verdict in favor of the plaintiff class against all of the defendants on the issue of liability only. The jury found the twenty plaintiffs were entitled to damages arising from the event and assigned compensatory damages ranging from $20,000.00 to $300,000.00. The jury also found liability for punitive damages against five of the defendants in favor of the entire class. Phase II of the proceedings determined the amount of the punitive damages awarded. The trial | ..court issued a judgment in accordance with the verdicts on liability and damages and the defendants appealed. Phase III of the proceedings consisted of a jury trial to determine the amount of damages for twenty more plaintiffs. The jury assigned damage amounts ranging from $0 to $100,000.00. Subsequently, seven of the nine defendants reached a settlement with the plaintiff class ending their participation in the case. However, the defendants AMR-BRD, Inc. and Nova Chemicals, Inc., (“hereinafter Defendants”) continued the appellate process on the issue of liability and the damages awarded to some of the plaintiffs in phase III of the proceedings. The Louisiana Supreme Court upheld the judgment on liability and the Defendants sought writs from the United States Supreme Court. The U.S. Supreme *16 Court denied writs on March 31, 2003. The judgment of liability is final.
According to the plaintiffs, 9,982 plaintiffs timely filed proof of claim forms; and, of that number, only 40 plaintiffs have had their claims tried before a jury. The claims of all of the plaintiff class members have been settled with seven of the defendants. There are approximately 9,942 plaintiff class members whose claims must be tried to determine damages as to the two remaining Defendants. The plaintiffs estimate if the claims are tried twenty at a time, it will take approximately 9 1/2 years to determine damages for each plaintiff.
Consequently, in June 2004, the plaintiffs filed a Motion to Enter Supplemental Case Management Order Appointing an Expert to Assist the Court in Evaluating the Claims of the Remaining Class Members, Setting Individual Damage Trials for Bench Trials, Limiting the Scope of Evidence, Testimony, and Discovery. On September 27, 2004, the trial court rendered reasons for judgment, which granted all of the plaintiffs’ requests except the limitation of the scope of |3evidence and testimony.[1] On October 26, 2004, the trial court rendered judgment, and supplemental reasons for judgment. The judgment states as follows, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the PMC’s motion to fix individual damage trials as bench trials be and it is hereby GRANTED as to any individual plaintiff whose amount in dispute against the remaining Defendants is Twenty Thousand Dollars ($20,000.00) or less, exclusive of interest and costs; and DENIED as to any individual plaintiff whose amount in dispute against the remaining Defendants exceeds Twenty Thousand Dollars ($20,000.00), exclusive of interest and costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that on or before October 27, 2004, the PMC shall identify each individual class member whose amount in dispute against the remaining Defendants exceeds Twenty Thousand Dollars ($20,000.00) exclusive of interest and costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the PMC’s motion to appoint experts be and it is hereby GRANTED to the extent that such expert or experts shall be appointed by the Court to assist the Court in the management, organization, and administration of trials of the remaining claims. In all other respects, the motion is denied, particularly regarding the performance of judicial functions. The parties shall, on or before October 27, 2004, submit nominees and briefs on the use of experts in accordance with the Reasons for Judgment dated September 27, 2004, as supplemented.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the PMC’s motion to tax the fees and costs of the court appointed expert or experts be and it is hereby GRANTED to the extent that the Court will exercise its discretion, tax the costs of said expert(s) to the remaining Defendants, and the Court will exercise its authority to tax all other costs as judgments are entered in individual cases. In all other respects the PMC’s motion to the [sic] tax fees and costs is DENIED.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the PMC’s motion to limit discovery be and it is hereby GRANTED to the extent that discovery shall be limited as follows *17 (subject to the right of any party for good cause shown to further limit or extend):
|41. No plaintiff, representative of a minor on September 9, 1987, or representative of a deceased plaintiff may be deposed beyond one (1) hour;
2. Except for the depositions of plaintiffs, representatives of ■ minors and deceased plaintiffs; discovery of employment and medical records, lost wages, medical expenses, special damages, etc., is limited to the Proof of Claim files and depositions for records only;
3. Depositions of plaintiffs who were under the age of 10 years on September 9, 1987 are precluded unless such plaintiff will testify at trial.
In all other respects the PMC’s motion as it relates to discovery is DENIED.
On that same date, Defendants filed a joint motion for suspensive appeal from this interlocutory ruling and a notice of intention to seek supervisory writs.[2] On December 7, 2004, this Court ordered that the writ application be consolidated with this appeal. On December 7, 2004, plaintiffs filed a motion to dismiss Defendants’ appeal, which this Court, on December 29, 2004, referred to the merits of this appeal.
DISCUSSION
An appeal may be taken from a final judgment or from an interlocutory judgment which causes irreparable injury. La. C.C.P. art 2083. A final judgment determines the merits in whole or in part, whereas an interlocutory judgment involves preliminary matters in the course of the action. La. C.C.P. art. 1841. The judgment appealed from (which amended the previous case management order to: (1) vacate jury trials when an individual plaintiffs amount in dispute against the Defendants is $20,000.00 or less; (2) order court appointed experts to assist in the |smanagement, organization, and administration of trials of the remaining claims; (3) assess expert fees as costs against Defendants; and (4) limit discovery) is an interlocutory judgment and normally not appealable. However, Defendants argue that they will suffer irreparable harm because the judgment strips them of fundamental rights to jury trials, to conduct discovery, and to conduct cross-examination, making the judgment appealable under La. C.C.P. art.2083. In this instance, where appellate delay has already occurred, we choose to pretermit the question of whether this judgment results in irreparable injury, and to decide the appeal. Accordingly, plaintiffs’ motion to dismiss Defendants’ appeal is hereby denied.
On appeal, Defendants make the following five assignments of error:
(1) The trial court violated due process and abused its discretion in nullifying the jury order, allowing the plaintiffs unilaterally to select whether a claim will be tried to a jury without requiring any binding stipulation from plaintiffs that the damages recoverable by them are less than the applicable jury quantum, limiting defendants’ rights to discovery and cross-examination, without correlatively assessing any limits on plaintiffs’ rights to discovery and to cross-examination, assessing defendants liable for all costs of the experts to be appoint *18 ed before the defendants have been cast in judgment vis-á-vis the remaining claimants, and in appointing an expert or experts to perform functions reserved to the court and/or the trier of fact.
(2) The trial court erred in nullifying the jury order that has been in place in this case since its inception, in adopting a test for amount in dispute which factors in defendants’ fault allocations.
(3) The trial court erred in authorizing appointment of expert(s) to manage this action and to assist the court to administer trials, all as set forth in the Reasons, and “for the purpose of recommending methodologies for grouping of similar claims.”
(4) The trial court erred in entering, in effect, a final judgment at this stage of the case assessing the costs of any such appointed expert(s) against the defendants.
| b(5) The trial court abused its discretion in limiting defendants’ discovery rights and rights of cross-examination without imposing any correlative limits on plaintiffs’ discovery and cross-examination rights.

Issue One: Whether the Order Improperly Impinges on Defendants’ Rights to a Jury Trial?

The Defendants argue on appeal that the trial court erred when it put the right to a jury trial unilaterally in the hands of the claimants [plaintiffs], without requiring any binding stipulation as to damage amounts less than the $20,000.00 jury quantum, and without regard to percentage of fault allocations. Specifically, Defendants allege that the record irrefutably establishes that this class action involves claims clearly in excess of the controlling jury quantum, $20,000.00, and that there is nothing in the record to establish that the amount of damages are below the jury quantum or that any individual claimant is limited to a recovery below the jury quantum. Further, the Defendants cite In re Gas Water Heater Products Liability Litigation, 97-2028, p. 3 (La.4/14/98), 711 So.2d 264, 266, for the proposition that a class action is “one suit with one judgment” and that the “amount in dispute,” for purposes of determining jurisdiction, “is determined by [the] total sum demanded by the plaintiffs on behalf of all class members.”
Plaintiffs, on the other hand, argue that there is no fundamental right to a jury trial. The plaintiffs aver, with the exception of a handful of claims, they have stipulated that their damages are below the amount for jury trial exclusive of interest and costs. To support their argument, the plaintiffs rely on two Louisiana Supreme Court decisions, Cambridge Corner Corp., v. Menard, 525 So.2d 527 (La.1988) and Benoit v. Allstate Ins. Co., 00-0424 (La.11/28/00), 773 So.2d 702.
In September 1987, the test for trial by jury under La. C.C.P. article 1732 was whether the “amount in dispute” exceeds “twenty thousand dollars exclusive |7of interest and costs.” The 1983 Revision Comments to article 1732 provide that the “the phrase ‘amount in dispute’ is used to emphasize that it is the amount demanded in good faith by the plaintiff which shall determine whether there is a right to a trial by jury and not simply the amount of plaintiffs demand.”
In Cambridge Corner Corp., v. Menard, the plaintiff filed suit for accelerated rent and other items totaling $10,074.00, plus attorney fees. 525 So.2d 527 (La.1988). At the time suit was filed, the monetary threshold for a jury trial was $10,000.00 *19 and the defendant demanded a jury trial. The plaintiff then amended its petition to reduce the amount demanded to $8,698.00, plus attorney fees, and later moved to dismiss the jury. Thereafter, the trial court denied defendants request for trial by jury. The Louisiana Supreme Court granted the defendant’s writ and found that the defendant was entitled to jury trial because the plaintiffs amount in dispute [the $8,698.00 plus 15% as attorney fees] still exceeded the $10,000.00 minimum exclusive of interest and costs. In making this determination, the Louisiana Supreme Court noted:
Plaintiffs or defendants right to a jury trial depends on the good faith amount in dispute and not necessarily on the amount initially demanded by the plaintiff. When the good faith amount in dispute in a particular case is $10,000 or less, plaintiff should not be able to file a demand that exceeds $10,000 or increase his initial demand to more than $10,000 for the purpose of guaranteeing himself a jury trial. Similarly, when the good faith amount in dispute exceeds $10,000, plaintiff should not be able to file a demand for $10,000 or less or decrease his initial demand to $10,000 or less for the purpose of preventing defendant from having a jury trial. Additionally, the initial amount demanded will not always determine the right to trial by jury even when it was demanded in good faith. Many times through discovery and preparation for trial, a plaintiff will discover that his claim is actually worth more or less than he originally demanded. It is also possible that part of a claim may be settled before trial.
Cambridge Corner, 525 So.2d at 529-530. The Court in Cambridge reasoned the correct time for the determination of whether or not a jury trial is appropriate is when the circumstances of the case show the threshold amount is met. In that case, it was after the plaintiffs petition was filed but before trial of the case.
In Benoit v. Allstate Insurance Company, the Louisiana Supreme Court addressed the 1989 version of La. C.C.P. article 1732, which reworded the statutory standard for the monetary threshold for the availability of a jury trial from “the amount in dispute does not exceed” to “the amount of no individual petitioner’s cause of action exceeds fifty thousand dollars exclusive of interest and costs.” 00-0424 (La.11/28/00), 773 So.2d 702. In Benoit, the plaintiff brought an action against his underinsured motorist coverage with limits of $10,000.00 after recovering a settlement from the tortfeasor for its policy limits of $100,000.00. The Louisiana Supreme Court addressed the distinction between “amount in dispute” and “cause of action” under the 1987 and 1989 versions of La. C.C.P. article 1732, arid concluded “that the amounts received'by plaintiff in settlement or payment from persons against whom plaintiff has a separate cause of action are not to be considered in determining the amount of plaintiffs cause of action against the defendant presently before the court.” Benoit, 773 So.2d at 708. Further, in 'the Louisiana Supreme Court’s interpretation of the 1989 Amendment; the Court stated:
One purpose of the 1989 legislation, which is very evident from the insertion of the words “individual petitioner,” was to clarify that the monetary threshold cannot be satisfied by the joinder of two or more plaintiffs in the same suit, although La.Code Civ. Proc. art. 463 might authorize that joinder under the specified conditions. The amendment clearly requires that the unjoined- cause of action of at. least one individual plaintiff must be valued above the minimum amount.
*20 Ja * *
In judicially resolving the problem, we first note the overall legislative trends (1) to restrict, rather than expand, the right to jury trials; (2) to expand the jurisdiction of courts of limited jurisdiction in which there is no right to trial by jury; and (3) generally to limit the availability of the more costly methods of litigating claims and to encourage more efficient methods, such as summary judgment. It would undermine the overall scheme of the Code of Civil Procedure if we interpreted the legislative intent of the 1989 amendment as adopting an entirely different and broader concept by expanding the availability of jury trials, and we conclude that the Legislature did not intend such a result.
Benoit, 773 So.2d at 706-708.
Although the Defendants cite the case In re Gas Water Heater Products Liability Litigation for the proposition that all claims must be aggregated in a class action for determination of the right to a jury trial, we do not find that this is a correct statement of the holding. 97-2028, (La.4/14/98), 711 So.2d 264. We agree with the trial court that in In re Gas Heater Products Liability Litigation, the Louisiana Supreme Court was merely “determining the jurisdictional limit of a court of limited jurisdiction — not the right to jury trial — and was constrained by legislation which fixed the jurisdictional limit by defining the amount in dispute as the amount demanded under La. C.C.P. arts. 4 and 4841 at the time the action was commenced.” Accordingly, we find no merit to Defendants argument that In re Gas Water Heater Products Liability Litigation fully supports their right to a jury trial.
Upon applying the applicable provision of La. C.C.P. article 1732, as well as weighing the decisions in Cambridge and Benoit, we do not find that the trial court erred in amending the trial order to hold that the right to jury trial does not exist as |1nto any individual plaintiff whose “amount in dispute” at this time does not exceed the amount of $20,000.00 against the Defendants.

Issue Two: Whether the trial court erred in authorizing a court appointed expert to assist in the management, organization, and administration of the remaining trials?

Defendants argue that the trial court did not have the authority, in this case, to appoint an expert to evaluate and assist the court with the remaining claims. The Defendants further argue that the “description of the functions to be performed by the so-called expert(s) shows that a special master is being imposed ...” on them without their legally required consent. We find no merit to Defendants’ argument.
La. C.C.P. article 192 states that “[t]he appointment of expert witnesses is controlled by Louisiana Code of Evidence Article 706” and that “[t]he reasonable fees and expenses of these experts shall be taxed as costs of court.” La. C.E. article 706 provides, in pertinent part:
A. Civil cases. In a civil case, the court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court in writing, a copy of which shall be filed with *21 the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party.
B. Disclosure of appointment. In a civil case, in the exercise of its discretion, the court may authorize disclosure to the jury of the fact that the court appointed the expert witness.
InC. Parties experts of own selection. Nothing in this Article limits the parties in calling expert witnesses of their own selection.
Further, the La. C.C.P. article 373 provides that “[a]n expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from the time of his qualification until the rendition of final judgment in the case.”
In this case, the trial court recognized its authority to appoint experts, as well as the limitations of such appointments. Specifically, in its reasons for judgment, the trial court stated:
The Court has much discretion in the management of class actions and in the appointment of such experts as may be needed by the Court, however this authority is subject to limits.... While the Court has discretion to appoint experts to provide the Court with facts and information necessary for a complete determination, any such expert cannot decide or judge the case nor engage in the corollary functions of the Court. Likewise, any such expert is subject to cross examination by all parties as a clear matter of due process.
This Court will, in due course, appoint such experts to analyze the remaining claims for the purposes of recommending methodologies for grouping of similar claims, e.g. claims with similar circumstances, and assist the Court’s conduct and management of future trials. Any such recommendations shall be subject to cross examination. The experts will not be triers of fact nor exercise corollary judicial functions, but shall assist the Court in its management functions and shall be subject to cross examination on all aspects of their assignment(s) by the Court.
La. C.E. article 706 gives authority to the trial court to appoint expert witnesses of its own selection. Further, the trial court clearly stated in its reasons for judgment that the experts would neither engage in judicial functions nor be triers of fact. For these reasons, we do not find that the trial court erred in authorizing a court | ^appointed expert to assist in the management, organization, and administration of the remaining trials.

Issue Three: Whether the trial court erred in assessing the costs of any such appointed expert against the defendants?

In this assignment of error, Defendants allege that it was improper for the trial court, at this stage of the proceedings, to tax the costs of the expert witness or witnesses to them. Specifically, Defendants argue that the trial court violated Louisiana Revised Statute 13:3666,[3] when *22 it assessed the costs of the court appointed expert to them before they [the Defendants] have been cast in judgment.
Plaintiffs argue that the reasonable fees and costs associated with the appointment of this expert should be taxed as costs of court in accordance with La. C.C.P. article 192(B).[4] Further, plaintiffs argue that the Defendants should bear the cost of the reasonable fees and expenses of the appointed expert because Defendants have a liability judgment against them.
|13In its reasons for judgment concerning costs, the trial court stated:
The PMC seeks an order taxing all costs to defendants. The Defendants suggest their costs should be limited to their 7.5% combined liability. The Court will exercise its authority to tax costs as judgments are made on individual cases, noting however the remaining defendants liability having been previously adjudicated for such compensatory damages as may be proven will influence such determination. The Court does not find that the remaining defendants liability for costs is limited to their 7.5% combined fault, but rather extends to any costs incurred in the further conduct of this litigation. As to any appointed experts who shall be appointed in accord with these reasons, their charges will be assessed as court costs and shall be taxed to and paid by the remaining defendants.
Although the trial court did tax the costs of the appointed court expert to Defendants, it acknowledged that it would exercise its authority to tax all other costs as judgments are entered in individual cases. We do not find that the trial court abused its discretion in this ruling, especially in light of the fact that there is a final liability judgment against the Defendants and in favor of plaintiffs. Further, under La. C.C.P. article 1920, a trial court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. Accordingly, we find no merit to this assignment of error.
Issue Four: Whether the trial court erred in limiting the scope of future discovery?
In this assignment of error, Defendants argue that the trial court’s placing of limits on future discovery is an abuse of discretion. The Defendants further argue that the limitations impair their rights to conduct adequate discovery should the need arise, and that the trial court has in essence prejudiced the entire remainder of the case. Contrarily, the plaintiffs allege that the trial court exercised its discretion mindful of the need to manage the proceedings of the remaining 9,900 trials while at the same time recognizing the need for fairness to all parties.
In its reasons for judgment concerning discovery, the trial court stated:
*23 | uThe PMC [plaintiffs] further asks the Court to limit discovery to the proofs of claim filed by each plaintiff and the related and supplemental information, e.g. medical records and bills, lost wage reports, property damage estimates, etc. The defendants oppose such request, urging the Court to permit unrestrained discovery.
The liability of the remaining defendants for compensatory damages has been determined in fixed percentages. This determination is final. The only remaining area for inquiry is causation and quantum with respect to each individual plaintiff. At this point in time there is no need for a “scorched earth” defense which requires lengthy biographical depositions of plaintiffs, repetitive depositions of medical providers, employers, family, friends, and neighbors. Yet, defendants are entitled to test the evidence to be presented. Unfortunately, the parties put this issue to the Court as all (defendants) or none (PMC). Neither suggests an alternative, ostensibly on the theory that he who blinks first, loses. (Emphasis in original)
This Court must exercise its discretion to manage these proceedings with the interest of fairness for all. Accordingly, subject to the right of any party to show good cause to extend the discovery regarding any individual plaintiff beyond the limits set herein, discovery is limited as follows:
1. No plaintiff, representative of a minor on September 9, 1987, or representative of a deceased plaintiff may be deposed beyond one (1) hour;
2. Except for the depositions of plaintiffs, representatives of minors and deceased plaintiffs; discovery of employment and medical records, lost wages, medical expenses, special damages, etc. is limited to the proof of claim files and depositions for records only; and
3.Depositions of plaintiffs who were under the age of 10 on September 9, 1987 are precluded unless such plaintiff will testify at trial.
The parties are encouraged to work cooperatively to these ends. The Court will consider any application showing good cause to either extend or further limit discovery based upon individual circumstances.
hJt is well established that trial courts in Louisiana have broad discretion in regulating pretrial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. The basic objectives of the Louisiana discovery process are: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing their cases for trial; (4) to narrow and clarify the basic issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125, 129 (La.1983). Further, the discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Id.
Considering that the instant case has 9,942 plaintiffs, it does not seem to be an abuse of the discretion by the trial court to narrow and focus discovery in an attempt to efficiently manage judicial resources. Accordingly, we find no merit in this assignment of error.
For these reasons, we affirm the trial court’s judgment, which amended the previous case management order to: (1) *24 vacate jury trials when an individual plaintiffs amount in dispute against the Defendants is $20,000.00 or less; (2) order court appointed experts to assist in the management, organization, and administration of trials of the remaining claims; (3) assess expert fees as costs against Defendants; and (4) limit discovery.
AFFIRMED; MOTION TO DISMISS APPEAL DENIED.

. The trial court placed limitations on discovery.

. Defendants’ application for supervisory writs was filed on October 27, 2004 (No. 04— CA-1880).

. Louisiana Revised Statute 13:3666 provides, in pertinent part:
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost *22 of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.

. La. C.C.P. article 192(B) states that "[t]he reasonable fees and expenses of these experts shall be taxed as costs of court.”